W. H. HUGHES, and his wife EMMA C. HUGHES, *Plaintiffs in Error,* vs. HONORÉ PALMER and POTTER PALMER, Trustees under the Will of Bertha Honoré Palmer, deceased, *Defendants in Error.*

137 So. 9.

Division A.

Opinion filed October 14, 1931.

Petition for rehearing denied November 20, 1931.

*Ernest F. Householder,* for Plaintiffs in Error;

*John F. Burket* and *Francis C. Dart,* for Defendants in Error.

PER CURIAM.—In this case the plaintiffs in the court below, plaintiffs in error here, sued the defendants in common counts to recover money paid as the initial payment on the purchase of certain lands in Sarasota County, Florida. There was no evidence to support the first or second count of the declaration and the court properly excluded those counts from the consideration of the jury. Counts 3 and 4 were submitted to the jury with the evidence under proper charges as to the law applicable to the case. The defendants introduced no testimony. The jury returned a verdict in favor of the defendants upon which judgment was entered and to which writ of error was taken.

In the trial of the cause it is immaterial whether evidence favorable to the defendants and unfavorable to the plaintiffs comes from the witnesses produced by the plaintiffs or from witnesses produced by the defendants.

In this case for the plaintiffs to recover it was necessary that they show to the satisfaction of the jury that the contract was abandoned by the defendants or that the defendants, the plaintiffs not being in default, refused to perform the contract provided the plaintiffs proved the existence of the contract with the defendants.

From the evidence the jury might properly have assumed that a contract existed between the plaintiffs and defendants, by reason of the ratification by the defendants of a contract entered into with the plaintiffs by a real estate broker who was offering for sale the lands of the plaintiffs.

The evidence shows that one of the plaintiffs went upon the lands before entering into the contract and making the initial purchase and that he had every opportunity to determine whether or not the lands were suitable for the purposes for which he wanted them and were as represented. The evidence further shows that this same plaintiff

went back on the lands after the purchase and found that all the lands which he had looked at and had proposed to purchase were included in his purchase and that other additional lands were also to be conveyed to him as a part of his purchase. It appears from the testimony that the additional lands were not as good or valuable lands as the land which he had considered constituted his purchase on the first inspection. The jury was warranted in drawing the conclusion that the plaintiffs were getting all the land they bargained for and some more, which was not quite so good.

The evidence, on the whole, supports the conclusion that the plaintiffs, after taking a second look at the land and after mature consideration of its farming possibilities, decided that they did not wish to pursue the venture further and abandoned the undertaking without fault on the part of the defendants.

The trial judge who heard all of the evidence and saw the witnesses on the stand overruled a motion for a new trial and entered judgment in favor of the defendants. The plaintiffs in error have failed to make it clearly appear that reversible error occurred. Therefore, the judgment should be affirmed and it is so ordered.

Affirmed.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.