SMITH, D. C., Associate Judge.
This appeal brings on for review an order entered dismissing the action as to Pierce Tire Co., a Florida corporation, one of two defendants against whom damages are sought. In his amended complaint the plaintiff, appellant here, alleges that the plaintiff was the owner of an International truck, the prime mover for a “Low-Boy” trailer which had eight pnettmatic tired wheels arranged side by side on its rear axle. While operating said truck and trailer on June 8, 1954, plaintiff became aware that the tire located next to the outside tire on the left rear of the trailer was partially deflated and in need of air. Upon making said discovery, plaintiff was in the vicinity of Demarco Tractor & Implement Co. which owned and operated a service station and garage in the Town of Boynton Beach. The Demarco Garage was one which offered services to the public, specializing in repairs to such types of trucks, tractors and heavy equipment. Plaintiff proceeded to said service station and garage for the purpose of having said deflated tire inflated to its normal air pressure. Upon plaintiff’s arrival at the Demarco Garage, he checked the tire and learned that it was deflated and in need of air pressure and at said time further discovered that in order to inflate said tire, it was necessary to extend his right hand between the first and second left rear wheels. After inflating said tire for a period of time, plaintiff checked the pressure and the pressure still being insufficient, plaintiff proceeded to inflate the tire further and while so doing, the tire exploded off of the wheel, thereby pinning plaintiff’s right hand between the rim of said tire and the outer left rear tire of the “Low-Boy” trailer, causing severe injury to his right hand and lower right arm. Prior to the date of the aforementioned accident, the defendant, Pierce Tire Co., appellee here, a business advertising and serving the public in building, rebuilding, repairing, mounting and remounting automobile, truck and trailer tires, had made certain repairs to tires on the above mentioned “Low-Boy” trailer, namely, the first and second left rear wheels and tires. That said tires were remounted so that the valve opening in the outer wheel was not aligned with the valve of the inner tire, thereby subjecting the person inflating same to the clanger of *864 the Inner tire and rim exploding off of the wheel. The defendant, Pierce Tire Co., in so mounting said tires, had done same improperly and unsafely, and in so doing, had placed said unsafe and dangerous equipment which it knew, or should have known to be dangerous, or to be possessed of characteristics which in the ordinary course of events would be likely to produce injury, in charge of the plaintiff, and did not give plaintiff reasonable warning or notice of such danger, and as a result thereof, plaintiff sustained injuries of a severe nature to his right hand and lower right arm.
Also through the amended complaint, the plaintiff sought damages against the Demarco Tractor & Implement Co., a Florida corporation, the other defendant to this action. The allegations as to said defendant being that upon the plaintiff’s arrival at the Demarco Garage, he asked an employee of said defendant to have said tire filled with air. The employee of said defendant refused to perform such service, handed the plaintiff a tire check air gauge and directed plaintiff to check his own tire for its air pressure and inflate same. Plaintiff finding said tire to be low, and observing that said defendant’s employee was not coming to his assistance, proceeded to inflate said tire with said defendant’s air hose, by extending his right hand between the first and second left rear wheels and while so doing, said tire exploded off the wheel, thereby pinning plaintiff’s right hand between the rim of said tire and the outer left rear tire of the trailer. That the tire check gauge furnished to the plaintiff by said Demarco Tractor & Implement Co., by and through its employee, was unsafe and not the type customarily used or necessary to be used to check the pressure in the tires of dual wheeled trucks and heavy equipment and that the air hose which said defendant furnished the plaintiff was unsafe and not the type customarily used or necessary to be used to inflate tires of dual wheeled trucks and heavy trailers, in that said air hose did not have the proper extension nozzle required to fill a dual wheeled truck or trailer tire, thus causing plaintiff to place his hand in such a position as to endanger himself to the tire rim exploding and as a proximate result of said defendant’s omission in failing to furnish plaintiff safe and proper equipment and by placing said unsafe and dangerous equipment which it knew, or should have known to be dangerous, or to be possessed of characteristics which in the ordinary course of events would be likely to produce injury, in charge of plaintiff without giving plaintiff reasonable warning or notice of such danger, and negligence in allowing plaintiff to use unsafe and improper equipment without warning plaintiff of the impending danger on its premises aforesaid, plaintiff sustained injuries, etc.
Motions to dismiss were filed by each of the defendants. After hearing thereon, an order was entered denying the motion filed by Demarco Tractor & Implement Co., and granting the motion filed by Pierce Tire Co. and ordering the cause dismissed as to Pierce Tire Co., that Pierce Tire Co. go hence without day, with its costs taxed against the plaintiff, granting leave to plaintiff to recast its complaint against Demarco Tractor & Implement Co. within ten days from date and ordering the defendant, De-marco Tractor &1 Implement Co., to respond thereto as it may be advised within twenty days from date.
It is made to appear that the amended complaint was dismissed as to the Pierce Tire Co. on the ground that it appeared from the amended complaint that an independent efficient cause intervened between the alleged negligence of the Pierce Tire Co. and the injury complained of. This was error.
“ * * * When injury to a person who is himself without fault has resulted directly and in ordinary natural sequence from a negligent act without the intervention of any independent efficient cause, or is such as ordinarily and naturally should be regarded as a probable, not a mere possible, result *865 of the negligent act, such person is entitled to recover damages as compensation for his loss * * *
“ * * * No intervening cause is efficient unless it is independent of and not set in motion by the original wrongful act. As stated in Woodcock’s Adm’r v. Hallock, 98 Vt. 284, 127 A. 380, 383: ‘The mere fact that there has intervened a voluntary act of a responsible agent does not necessarily make the final consequence of the negligence too remote to support an action. The test is to be found in the character of the intervening act. If it is, itself, a natural and proper result of the original negligence, it will not necessarily prevent a recovery thereon.’ ” Loftin, v. McCrainie, Fla.1950, 47 So.2d 298, 301, 302.
 65 C.J.S. Negligence § 111, p. 686 — Intervening Efficient Cause:
“On the other hand, it is well settled that the mere fact that other causes, conditions, or agencies have intervened between defendant’s negligence and the injury for which recovery is sought is not of itself sufficient in law to relieve defendant from liability; and if the injury is the natural and probable consequence of the original negligent act or omission, and is such as might reasonably have been foreseen as probable, the original wrongdoer is liable notwithstanding the intervening act or event. If the original act is wrongful and would naturally, according to the ordinary course of events, prove injurious to others, and does result in injury through the intervention of other causes not wrongful, the injury will be referred to the wrongful cause, passing through those which were innocent. In other words, an intervening cause will not relieve from liability where the prior negligence was the efficient cause of the injury.”
See also 38 Am.Jur. 726, Negligence, Sec. 70.
The order sustaining the motion to dismiss and dismissing the defendant, Pierce Tire Co., from this action is hereby reversed with directions that the action proceed according to law.
Reversed.
KANNER, C. J., and ALLEN, J., concur.