128 So.2d 775 (1961)
Robert SAVARESE and Stanley Mervin Glick, Appellants,
v.
Raymond Arthur HILL and Alma Mullis Hill, his wife, Appellees.
No. 60-422.
District Court of Appeal of Florida. Third District.
April 17, 1961.
Monte K. Rassner and Milton C. Goodman, Miami, for appellants.
Blackwell, Walker & Gray and John B. Kelley, Miami, for appellees.
PER CURIAM.
The appellants filed separate actions at law against appellees for damages for personal injuries received in an automobile accident. Each plaintiff alleged the negligence of the defendant driver was the proximate cause of his injury. Defendants denied negligence, claimed unavoidable accident, and pleaded contributory negligence. The cases were consolidated and proceeded to trial before a jury. At the close of the presentation of evidence by the plaintiffs, the trial judge granted defendants' motion for directed verdict. Judgment was entered thereon and the plaintiffs appealed.
The basic facts, as a jury would be entitled to find them from the evidence, were the following: The plaintiff Glick's automobile, in which the plaintiff Savarese was a passenger, was sideswiped by one driven by the defendant Raymond Hill and owned by his wife, the defendant Alma Hill. The accident occurred in the daytime, on a two lane city street. The automobiles involved were proceeding in opposite directions. *776 The defendant Raymond Hill drove to his left, across the center line, and struck the left rear side of Glick's car. The impact knocked the Glick car sideways approximately one foot and caused it to swerve, and Glick immediately put on his brakes and stopped suddenly. Glick received a head injury,[1] and Savarese's knee was injured when he was thrown forward against the dash when the Glick car swerved and was decelerated following the collision.[2]
The evidence was sufficient to support a finding of negligence, since it disclosed that Glick was proceeding on his side of the street when the Hill car was driven across the center line and struck the Glick car. We agree with appellants' contention that the questions of contributory negligence and of proximate cause were for the jury. It could have been found that Glick's injury was a direct result of the collision.[3] If the jury should conclude that Glick's injury was brought about when he applied his brakes, as was the injury to Savarese, then for him as well as for Savarese, the jury would be required to determine whether Glick's action in stopping suddenly, if an independent and intervening cause, was or was not reasonably to be foreseen and reasonable conduct as a consequence of such a sideswipe collision. By refusing to submit such questions to the jury and in concluding as a matter of law that the injuries were not the proximate result of negligence of the defendant driver, the trial judge was in error. See Western Union Telegraph Co. v. Taylor, 94 Fla. 841, 114 So. 529, 531; Mayhew v. Pierce Tire Co., Fla.App. 1958, 104 So.2d 862, 864-865; 23 Fla.Jur., Negligence, §§ 38, 39.[4]
The judgment appealed from is reversed, and the cause is remanded for new trial.
Reversed and remanded.
HORTON, C.J., and PEARSON and CARROLL, CHAS., JJ., concur.
NOTES
[1] Glick's testimony by deposition included the following: "Q. Now, what happened to you in the automobile immediately upon the impact? A. You mean as far as injury is concerned?

"Q. Yes, sir. A. Well, as far as I could see, I hit the left side of my head right about over there (indicating). What would you call this right here (indicating)?
"Q. The lateral area. A. The left top over here, the lateral area, on the side of the car just above the window there and snapped forward at the same time. Is that what you wanted to know?"
[2] The testimony of Savarese who did not observe the collision included the following: "Q. Bob, can you tell us how this accident happened, in your own words? A. Well, Mr. Glick was demonstrating a car that day. I just got off work, and I stopped by. We were going south on 37th Avenue, and I was glancing through the paper for another car. I told him I wasn't concerned with the Chrysler, because it was too big. It was a big Imperial, and I practically got no gas mileage at all. Before I knew it we heard a noise. The car swerved. He applied his brakes, and I was on the floor. I got up. He was out, and I walked out to see what was wrong.

"Q. Did you strike any part of your body against any part of the car? A. My knee hit the dashboard."
[3] See footnote No. 1.
[4] "The general rule is that whoever acts negligently is answerable for all the consequences that may ensue in the ordinary course of events, even though such consequences are immediately and directly brought about by an intervening cause, if that intervening cause was set in motion by the original wrongdoer." 23 Fla. Jur., Negligence, § 38.

"The rule that the causal connection between a person's negligence and an injury is broken by the intervention of a new, independent, and efficient intervening cause so that the negligence is not actionable is subject to the qualification that if an intervening cause was foreseen or reasonably might have been foreseen by the wrongdoer, his negligence may be considered the proximate cause of an injury, and he may be held liable, notwithstanding the intervening cause. That is, the intervention of independent intervening causes does not break causal connection if the intervention of such forces was itself probable or foreseeable." Id., § 39.