SANDLER, HARRY N., Associate Judge.
This is an appeal by the Plaintiffs below from a final judgment entered after a jury *351 verdict finding the Defendants not guilty in an automobile negligence case.
Two separate actions, each in two counts, one for gross negligence which was tried as a count for Punitive Damages and one for simple negligence, were filed by the Plaintiff driver Vergie Ruth Liefer and her passenger, Jessie O’Brien, against the Defendants, Ruth Walton and her husband, Joseph Walton, co-owner of the car. These actions alleged that the Plaintiff Liefer was the owner operator of a Chevrolet automobile proceeding south on U. S. Highway '#1 in the town of Riviera Beach and that the Defendant, Ruth Walton, was heading north on the same highway. That the Defendant, Ruth Walton, made a left turn across U. S. Highway #1 in front of the Liefer automobile, causing the collision, and resulting in injuries to both the driver and her passenger. The answer filed to the O’Brien suit alleged general denials of all allegations of both counts. In the Liefer suit the answer not only contained general denials to both counts but also the affirmative defense of contributory negligence. The two cases were consolidated for trial as they are here consolidated on appeal.
At the conclusion of all the testimony, motions were made by the Defendants to dismiss the 2nd count and to direct a verdict on behalf of the Defendants in each case as there was no showing of a willful or wanton misconduct from which the jury could award punitive or exemplary damages. This motion of the Defendants was granted by the trial Court. At the same time, Plaintiffs made motions for directed verdicts for liability for both the driver and passenger, which were denied. The cases were sent to the jury, who brought in a verdict for the Defendants in both cases.
Plaintiffs then moved for judgment in accordance with motion for directed verdict and for new trial and these motions were denied and a final judgment for the Defendants in each of the cases was entered.
In her assignments of error, O’Brien cites as error the refusal of the trial Court to direct a verdict in her favor as to liability at the,close of all the evidence.
The only proof required of the Plaintiff O’Brien under the pleadings was to show negligence of the Defendant, Ruth Walton, which proximately contributed to the accident and her resulting injuries. There was no allegation of contributory negligence as to this Plaintiff. All witnesses to the accident testified that the Defendant, Ruth Walton, made a left hand turn across U. S. Highway #1, in front of the Liefer car. The Defendant in her testimony said that she was proceeding north in the center lane of three lanes on her half of the road. The lane to her right was a parking lane and the lane to her left was a lane for traffic proceeding in the same direction in which she was going. The other half of the road also contained three lanes going south, the far lane being used for parking. That the accident occurred between 27th and 28th Streets on Broadway or U. S. Highway #1 in the town of Riviera Beach, Florida. The only other north bound car was a “small panel truck and very noisy” which passed the Defendant in the lane to her left and after the truck passed, the Defendant then switched lanes from the center lane to the left hand lane in the preparation of making a left hand turn. The Defendant had entered Broadway or U. S. Highway #1 at the equivalent of 26th Street and headed north and that she was passed by the truck at approximately 27th Street. The Plaintiff was seeking to enter a Shopping Center parking lot between 27th and 28th Streets at the time she made the left hand turn and the accident occurred. As to the Plaintiff’s oncoming vehicle, the Defendant testified:
“Q. When you first saw Mrs. Liefer’s car, what was your impression as to its distance away?
“A. Well, the first time I saw the car, it was quite a distance away and by the time I had made my turn, I *352 looked and it looked as though it was about 250 to 300 feet away and I thought it was going very reasonably, but by the time I looked over to the sidewalk I had to change my mind.”
The Plaintiff Liefer’s account of the accident is:
“Q. When did you first see this car that was involved in the accident with you?
“A. Well, it just came out of nowhere, it seemed I was driving along and all of a sudden this car turned out of that lane and started for me with a great speed, it seemed to me.
“Q. What, if anything, did you do when you saw this car as you said coming at you?
“A. I immediately hit my brakes and pulled to the right as hard as I could and came to a stop and then it happened. I don’t know if I was even clear stopped when it happened, but I pulled as much as I could and my car was sideways on the street when it was hit.
“Q. Now, when you first saw this car as you said turning and coming at you, how fast were you going at that time?
“A. Well, I was in the 35 mile zone and my driver’s license will show you that I never—
“Q. Answer the question, please.
“A. I was going within the speed limit.”
The Plaintiff O’Brien’s testimony corroborated that of Mrs. Liefer’s.
Beside the parties as witnesses, there was an independent witness whose testimony was:
“Q. Now, you said you heard the tires squealing, did you have the opportunity to observe which car hit which car ?
“A. She made this left turn and they collided, I—
“Q. When you say she—
“A. The one in the station wagon made a left turn, the other people were in their proper lane of traffic going south.”
The Plaintiff O’Brien cites the cases of Bessett v. Hackett, Fla., 66 So.2d 694, and Savarese v. Hill, Fla.App., 128 So.2d 775, as authorities that the trial Court should have granted a directed verdict for Plaintiff O’Brien as to liability at the conclusion of all the testimony. Our Supreme Court in the Bessett case had a similar set of facts whereby two cars were proceeding in opposite directions when Defendant’s car turned in front of'Plaintiff’s oncoming car when it was approximately 100 feet away, causing a collision. In the Plaintiff’s car was both passenger and driver. In discussing recovery by the passenger, the Court speaking through Mr. Justice Se-bring, examined the evidence as a whole to determine whether or not the accident could have been occasioned by the sole negligence of the driver of the car in which the passenger was riding and found that it could not. In reaching this conclusion he cited a quote from Loftin v. Wilson, Fla., 67 So. 2d 185, as follows:
“By the exercise of the slightest attention to his surroundings, the driver of the truck could have seen the approaching danger * *
In the Savarese case, two cars were approaching each other when one crossed the center line and sideswiped the other. In a Per Curiam opinion, the Court said:
“The evidence was sufficient to support a finding of negligence, since it disclosed that Glick was proceeding on his side of the street when the Plill car was driven across the center line and struck the Glick car.”
So in this case, Defendant had turned onto Broadway or U. S. Plighway #1, *353 proceeded north in the middle lane, was passed by a truck in the lane next to the center lane, then proceeded to change lanes and make a left turn, not at a cross roads but into a parking lot, in face of Plaintiff’s oncoming car which she saw. These transactions all took place within one and one-half blocks and can only constitute a disregard of the near presence of Plaintiff’s oncoming, which was not exceeding the speed limit. We therefore hold as did the Supreme Court in the Bessett case, that the trial Court should have granted Plaintiff O’Brien’s motion for a directed verdict for liability at the close of all the evidence.
As to the appeal of Plaintiff Liefer of the failure of the trial Judge to grant her a directed verdict at the close of all the evidence, the trial Judge was correct in this denial because of the defense of contributory negligence, which was a jury question. Savarese v. Hill, supra. The other assignments of error, we also find to be without merit with one exception.
A Pretrial conference was had in both cases, the order being entered on September 21, 1960. The order allowed the parties to reserve the right to offer applicable ordinances “provided copies thereof are furnished opposing counsel not less than one week before the Trial.” The case came on for trial on October 17, 1960, and the Defendant offered in evidence a speed ordinance of the City of Riviera Beach which bore a certification of the Clerk of the City of October 13, 1960. Plaintiff’s counsel first objected on the ground that it violated the Pretrial order which was overruled by the Court on the basis that the certification showed the authenticity of the document and that failure to furnish did not affect the “Manifest justice of the cause.” This determination by the trial Judge was within his discretion as given by Rule 1.16 of FRCP, 30 F.S.A., and we find no abuse.
Counsel for Plaintiff then objected as to the materiality of the ordinance which was overruled and the ordinance was allowed in evidence, and the Court instructed the jury as follows:
“No person shall drive a vehicle on a street at a speed greater than is reasonable and prudent under the conditions then existing. Where no special hazard exists, the following speeds shall be lawful, but any speed in excess of the limit shall be prima facie evidence that the speed is not reasonable or prudent and is unlawful.
1. 15 miles per hour in any business district;
2. 25 miles per hour in any residence district;
3. 15 miles per hour in a school zone;
4. Other speed limits as indicated on official signs erected in such areas.
The fact that the speed of a vehicle is lower than the foregoing limits shall not relieve the driver from the duty to decrease speed when approaching and crossing an intersection; when approaching and going around a curve; when approaching a hill crest; when traveling upon a narrow or winding road, or when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions, and speeds shall be decreased as may be necessary to avoid colliding with any persons, vehicles or other conveyance or on entering the street in compliance with legal requirements, are the duty of all persons to use due care.”
There was no evidence of a speed law violation in the cause. One of the Defendants did testify that * * *
“I looked and it looked as though it was about 250 to 300 feet away and I thought it was going very reasonably, but by the time I looked over to the sidewalk I had to change my mind,”
*354 but our Courts have held in Blackman v. Miami Transit Company, Fla.App., 125 So. 2d 128,
“Although in some jurisdictions such testimony has been held inadmissible when offered to show negligence through speed, generally it is received in evidence for such value as it may have. But testimony that a vehicle was driven ‘faster than usual,’ without showing its speed on that occasion, or its usual rate of speed, does not furnish a basis to find that an improper speed was used. Standing alone, testimony that the vehicle was going fast or faster than usual, is insufficient to establish excessive speed.”
By the instruction on this ordinance and examination of the pictures in evidence, the jury could well have determined that this area was a business district and the speed limit was 15 M.P.H. and that by the Plaintiff Liefer traveling in excess of this limit she was negligent and therefore denied her recovery. Counsel for Defendants admit in their brief that the testimony showed a posted speed limit of 35 M.P.H., but this fact was not commented on by the Judge in his instructions.
. In discussing jury instructions, this Court in an opinion written by Judge Shannon in the case of Ruskin v. Travelers Insurance Company, Fla.App., 125 So.2d 766, at page 769 said:
“Instructions to the jury must conform to certain safeguards. Essentially, a charge taken from a statute must be justified by the evidence; it must be pertinent to the case; it must be confined to the issues in the case; and it must not mislead the jurors.”
We hold that in this case the ordinance charged was not justified by the evidence; was not pertinent to the case and would tend to mislead the jurors and for these reasons constitutes reversible error.
Based on the foregoing conclusion, it follows that a new trial should be granted to Mrs. Liefer on the issues made by the pleadings and that as to Mrs. O’Brien, the case should go back for a new trial on the question of damages only. Bessett v. Hackett, supra.
Reversed for further consideration consistent herewith.
ALLEN, Acting C. J., and WHITE, J., concur.