HENDRY, Chief Judge.
The trial court entered judgment for the defendant, James Rooney Mason, after granting his motion for a directed verdict at the conclusion of plaintiff’s case in an automobile negligence action.
Plaintiff, Melia Marcel Dambakly, testified that on November 22, 1964 at about 6 30 P.M., she was returning to Miami from Marco Island on the Tamiami Trail, which is U. S. Highway 41. She was traveling at a speed of fifty to fifty-five miles per hour and was approximately four to five car lengths behind another car which was also heading east. Though it was not completely dark, plaintiff, the car in front of her and west bound vehicles had their headlights on. Plaintiff first saw the defendant’s vehicle when it was turning from her left and already partially in her lane approximately twenty to thirty feet in front of her. In an attempt to avoid hitting defendant’s vehicle, plaintiff swerved off the highway, lost control of her car and eventually came to rest in a canal. The defendant came to plaintiff’s aid while she was in the canal.
The defendant, testifying as an adverse witness, stated that he entered Tamiami Trail from a dirt road known as Turner River Grade. At that time, he either saw or it was called to his attention that defendant’s automobile had gone into the canal.
Plaintiff submits that the trial court invaded the province of the jury in directing a verdict.
A prima facie case of negligence on the part of defendant was established by the evidence presented by plaintiff. It is reasonable to find from the evidence that the defendant turned onto a highway in disregard of the near presence of plaintiff’s oncoming car which he should have seen and which had the right of way.
The defendant argues that plaintiffs contributory negligence was established as a matter of law by her own testimony that she did not see defendant’s vehicle until it was in her lane twenty or thirty feet in front of her.
Whether plaintiff should have seen defendant’s vehicle turning into her lane in time to take some other action is a question to he submitted to the jury. Liefer v. Walton, Fla.App.1962, 140 So.2d 350.
The evidence and all reasonable inferences therefrom do not point to but one reasonable conclusion, thus, it was error for the trial court to direct a verdict for the defendant. Brookbank v. Mathieu, Fla.App.1963, 152 So.2d 526.
Therefore, the judgment is reversed and the cause remanded for further proceedings.
Reversed and remanded.