OWEN, Justice
(concurring in part, dissenting in part).
Involved here were personal injury and property damage claims arising out of an automobile collision occurring at an intersection when the Newman vehicle made a left turn in front of the oncoming WFTL vehicle. Mr. and Mrs. Newman, the sole occupants of their jointly owned vehicle, sustained personal injury and property damage. They filed suit against WFTL and its driver, appellant Krauser, *360 and WFTL filed counterclaim for its property damage. Appropriate motions for directed verdict were denied and the case went to the jury wherein a separate verdict was returned for each of the New-mans on their claims and another verdict in their favor on the WFTL counterclaim. Separate judgments were entered on the three verdicts and the appeals taken from each of the judgments have been consolidated here.
The question involved on the consolidated appeal is whether the issues of the alleged negligence and contributory negligence of the respective drivers were properly submitted to the jury for its determination. The majority of the court is of the view that under the facts of this case such issues were properly submitted to the jury and the judgments should be affirmed. I concur that the issue of negligence on the part of Krauser, the driver of the WFTL vehicle, was properly submitted to the jury and therefore concur with the majority in affirming the judgment against WFTL on its counterclaim (Case No. 1893). However, I do not agree that the issue of negligence on the part of Mr. Newman should have been submitted to the jury, as I am of the view that on the facts viewed most favorably to him, he was as a matter of law guilty of- negligence proximately contributing to the collision. I therefore dissent from the court’s affirmance of the judgments in favor of Mr. and Mrs. Newman (Cases No. 1894 and 1895).
The pertinent facts, stated most favorably to the appellees herein, Mr. and Mrs. Newman, are as follows: At approximately 12:30 p. m. on October 21, 1966, Mr. Newman was driving the Newman vehicle south on divided U.S. Highway No. 1 approaching the intersection of Northeast 35th Street near Fort Lauderdale. Mr. Newman intended to turn left at the intersection and for that purpose entered the left turn lane which had been carved from the divider strip. It had been raining and the streets were wet with some pools of water in or near the intersection. The automatic signal light which controlled traffic at the intersection was green for north-south traffic as Mr. Newman approached the intersection and did not change before the collision occurred. Mr. Newman put on his left turn blinker signal, stopped momentarily at the restraining line, looked to see if there was any traffic approaching the intersection in the northbound traffic lanes, and seeing none closer than a block away proceeded to make the left turn into Northeast 35th Street. As the Newman vehicle was into the easternmost of the two northbound lanes of U.S. Highway No. 1, it was struck on the right side by the northbound WFTL Volkswagen. Although both Mr. Newman and his wife, who was a passenger on the right front seat, had observed some oncoming traffic at least a block away at the time of commencing the left turn, neither one ever saw the approaching Volkswagen until the collision occurred. Likewise, neither had any recollection of any northbound vehicles having been stopped on the opposite side of the intersection in the northbound left turn lane which might have blocked their view of the Volkswagen. Krauser testified that he was approaching the intersection at a speed of approximately 35 miles per hour which was within the posted speed limit. He also testified that as he approached the intersection there was one or more northbound vehicles stopped at the intersection in the left turn lane and that he first saw the Newman vehicle when it was turning left across the northbound lanes directly in his path. He estimated that at that time he was approximately 50 feet from the intersection and barely had time to apply the brakes before the collision occurred. A Mrs. Bliss was driving northbound directly behind the Volkswagen but she had reduced her speed to approximately 20 miles per hour as she approached the intersection because of the traffic conditions and the street conditions and she had no difficulty in stopping in time to avoid being involved in the collision.
If on these facts, and every inference reasonably to be drawn from them favor *361 ably to the plaintiff, a jury could lawfully find the plaintiff not guilty of negligence proximately contributing to the collision, the court correctly denied defendants’ motion for directed verdict. On the other hand, if the evidence is such as to point to only one possible conclusion, i, e., that Newman was negligent and that such negligence proximately contributed to the collision, then defendants’ motion for directed verdict should have been granted.
Newman’s conduct in making a left turn at the intersection directly into the path of the oncoming vehicle at a time when the same was so close to the intersection as to constitute an immediate hazard, was negligence as a matter of law. Bessett v. Hackett, Fla.1953, 66 So.2d 694; Liefer v. Walton, Fla.App.1962, 140 So.2d 350; F.S.1965, Section 317.411, F.S.A.
Neither Mr. Newman nor his wife ever saw defendant’s northbound vehicle until the collision. It is an irrefutable physical fact that defendant’s vehicle was there to be seen at all times approaching in the northbound lanes within the posted speed limit. Newman’s failure to see the oncoming vehicle should not absolve him of fault. If it does, then we have the anomalous situation whereby a left turning driver who sees an oncoming vehicle and turns in front of it causing a collision is held to be negligent as a matter of law, Hackett and Walton, supra, but if the same left turning driver fails to see the oncoming vehicle he can either be absolved of fault because of his “ostrich” attitude or in any event by not seeing what is there to be seen he can make a jury issue out of what would have been negligence as a matter of law had he seen. My views are limited by the facts which have been outlined. I do not mean to imply that left turning drivers struck by oncoming vehicles are, in every instance, necessarily guilty of negligence as a matter of law. But under the facts of this case, I see no basis of submitting the issue to the jury.
Admittedly, the view which I have here is not only contrary to that of the majority of this court but also contrary to that expressed in Chowning v. Pierce, Fla.App. 1965, 174 So.2d 42, wherein on amazingly similar facts the court approved submitting the issue of negligence and contributory negligence to the jury.