610 So.2d 565 (1992)
Laura LANGMEAD, Appellant,
v.
ADMIRAL CRUISES, INC., Appellee.
No. 91-1185.
District Court of Appeal of Florida, Third District.
December 8, 1992.
Rehearing Denied January 26, 1993.
*566 Cooper & Wolfe and Sharon L. Wolfe and Linda G. Katsin; Charles R. Lipcon, Miami, for appellant.
Canning, Murray & Peltz and C. Robert Murray, Jr., Miami, for appellee.
Before NESBITT, JORGENSON and LEVY, JJ.
LEVY, Judge.
This case involves an action by an employee against an employer for personal injury. The appellant, Laura Langmead, was an entertainer employed by the appellee, Admiral Cruises, Inc., to perform aboard its cruise ships. While exercising in the ship's gym, Langmead was injured while using a piece of exercise equipment, much like a large elastic band. While in a standing position, Langmead looped the band under her left foot and performed left arm curls while bracing her left elbow against her left thigh. Langmead claimed that while the band was stretched, it broke in two and struck her in the eye. Admiral claimed that Langmead negligently allowed the band to slip from under her foot, causing it to snap back and strike her eye.
Langmead sued Admiral for Jones Act negligence, unseaworthiness, maintenance and cure, and punitive damages. The trial court directed a verdict for Admiral on the maintenance and cure claim, as well as the related punitive damages claim. The Jones Act negligence claim and the unseaworthiness claim went to the jury, which found against Langmead on the unseaworthiness claim, but for Langmead on the negligence claim. However, based on its finding that Langmead was comparatively negligent and 90% at fault, the jury's damage award of $50,000 was reduced to $5,000, and judgment for Langmead was entered in that amount.
In this appeal, Langmead first contends that the trial court erred in not granting her a directed verdict on the comparative negligence issue, because Admiral failed to present any evidence that Langmead herself was at fault. We disagree. Where the evidence is sufficient to support an inference of comparative fault on the part of the plaintiff, the issue of comparative negligence is properly submitted to the jury. See Ferber v. Orange Blossom Center, Inc., 388 So.2d 1074 (Fla. 5th DCA 1980); Hernandez v. Motrico, Inc., 370 So.2d 836 (Fla. 3d DCA 1979); Sun Life Insurance Company of America v. Evans, 340 So.2d 957 (Fla. 3d DCA 1976); Dambakly v. Mason, 194 So.2d 35 (Fla. 3d DCA 1967). In this case, there was evidence from which the jury could have found fault on the part of Langmead. Langmead herself testified that she had seen these elastic bands break before, and that one had actually broken on her before while she was using it. Thus, the jury could have concluded that Langmead was on notice that *567 this was a dangerous activity, and that Langmead did not exercise adequate care for her own safety. Furthermore, the band admitted into evidence in this case was not broken in two, but was in one piece, a fact which supported Admiral's theory of the case that Langmead was at fault. Finally, Langmead's demonstration in front of the jury of how she was using the band when the accident occurred was enough to support a common sense inference that Langmead allowed the band to slip from underneath her foot and snap back into her face.
It is of no consequence that the evidence, which supported these inferences of Langmead's fault, was presented by Langmead. Where an inference of comparative fault is possible from a plaintiff's own evidence, a defendant need not present further evidence of comparative fault in order to survive a motion for directed verdict. See Atlantic Coast Line R. Co. v. Webb, 112 Fla. 449, 150 So. 741 (1933) (where defendant presented no evidence, issue properly submitted to jury upon plaintiff's evidence which was susceptible of different interpretations); Hughes v. Palmer, 103 Fla. 91, 137 So. 9 (1931) ("[I]t is immaterial whether evidence favorable to the defendants and unfavorable to the plaintiffs comes from the witnesses produced by the plaintiffs or from witnesses produced by the defendants."); Garris v. Robeison, 146 So.2d 388 (Fla. 2d DCA 1962) (defendant not required to produce evidence of plaintiff's contributory negligence if contributory negligence can be inferred from plaintiff's own proof). Accordingly, Langmead's motion for directed verdict on the comparative negligence issue was properly denied, and the issue properly submitted to the jury.
Langmead next contends on appeal that the trial court erred in directing a verdict for Admiral on her maintenance and cure claim. We agree. Maintenance and cure is the right of a seaman to receive compensation for illnesses or injuries suffered while working aboard ship. Corella v. McCormick Shipping Corporation, 101 So.2d 903 (Fla. 3d DCA 1958). The right of maintenance and cure continues during the seaman's recuperative period "until he reaches maximum medical recovery." Dos Santos v. Ajax Navigation Corporation, 531 So.2d 231, 236 (Fla. 3d DCA 1988) (quoting Vaughan v. Atkinson, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962)), cert. dismissed, 489 U.S. 1048, 109 S.Ct. 1304, 103 L.Ed.2d 574 (1989). Here, evidence was presented that Langmead's condition had not yet reached maximum medical improvement. While this evidence was not uncontradicted, it was clearly enough to send the issue to the jury. See Quarrel v. Minervini, 510 So.2d 977 (Fla. 3d DCA 1987), rev. denied, 519 So.2d 987 (Fla. 1988); Ligman v. Tardiff, 466 So.2d 1125 (Fla. 3d DCA), rev. denied, 478 So.2d 54 (Fla. 1985); Wilson v. Bailey-Lewis-Williams, Inc., 194 So.2d 293 (Fla. 3d DCA 1967). Therefore, we find that the trial court erred in directing a verdict for Admiral on the maintenance and cure claim, and remand for trial on this issue.
Affirmed in part, reversed in part, and remanded.