NESBITT, Senior Judge.
Appellant is a seaman who had been receiving maintenance and cure in Miami for several months when she was seriously injured in an automobile accident. After Royal Carribean Cruises, Ltd. (RCCL) refused to pay her maintenance and cure for expenses arising from this accident, the Appellant filed this suit. The trial court granted summary judgment in favor of RCCL. We reverse.
Maintenance and cure is an ancient duty under the law of admiralty that arises against a shipowner in favor of a seaman who becomes ill, injured, or incapacitated, or whose condition becomes aggravated or enhanced for any reason, at least until the time that the seaman has achieved maximum medical recovery. See Vaughan v. Atkinson, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962). Admiralty courts have traditionally been liberal in interpreting the scope of this duty. Id. at 531-32, 82 S.Ct. 997. The seamen are wards of the court and maintenance and cure should be afforded as long as there is any ambiguity or uncertainty about the continuation of that status. Id. “The nature and foundations of the liability require that it be not narrowly confined or whittled down by restrictive and artificial distinctions defeating its broad and beneficial purposes.” Aguilar v. Standard Oil Co., 318 U.S. 724, 735, 63 S.Ct. 930, 87 L.Ed. 1107 (1943).
In the instant case, the Appellant was receiving maintenance and cure at the time of the accident because she had yet to obtain maximum medical recovery. Under such a situation, a seaman is still in the service of the ship and thus entitled to maintenance and cure for the additional injuries incurred. To hold otherwise would fly in the face of the long standing principles enunciated above. Accordingly, the trial court’s order granting summary judgment to RCCL is reversed.