SALTER, J.
Royal Caribbean Cruises, Ltd. appeals an order modifying the pretrial maintenance and cure benefits for an injured seaman, Jean Rigby. Inasmuch as the trial court had already determined Rigby’s entitlement to renewed maintenance and cure benefits in an order that was not appealed by Royal Caribbean,[1] we affirm *1147 the trial court’s ruling. The trial court’s order and this opinion are without prejudice to Royal Caribbean’s right to seek a subsequent termination or further reduction of maintenance and cure benefits (and an evidentiary hearing to demonstrate the propriety of that relief).
Rigby’s original medical complaint in 2006 was for an inguinal hernia. After medical treatment aboard ship, he was allowed to return to his home country of Nicaragua for surgery. Following post-surgical rehabilitation, in March 2007 Rig-by was found fit for duty and at maximum medical improvement (MMI). Royal Caribbean provided maintenance and cure from Rigby’s departure from Royal Caribbean’s vessel through the date of MMI. At around that time, however, Rigby also complained of, and was treated for, a fracture of the left patella.[2] Royal Caribbean paid for surgery to Rigby’s left knee and postoperative physical therapy.
Rigby also claimed injury to his right shoulder. Royal Caribbean paid for diagnostic tests, but the doctor pronounced Rigby fit for duty and at MMI for this condition in September 2007. After further therapy for Rigby’s knee, the doctor determined that Rigby had reached MMI regarding his knee in January 2008. At that point, Royal Caribbean discontinued maintenance and cure benefits.
In December 2008, however, Rigby was examined by a Miami physician. That physician performed a right shoulder ar-throscopy on Rigby in April 2009. Thereafter, Rigby sued Royal Caribbean in the trial court for two counts under the Jones Act, unseaworthiness, and further maintenance and cure. On July 6, 2009,[3] the trial court granted Rigby’s emergency motion for maintenance and cure for a period of ten days during which “[Royal Caribbean] shall investigate [Rigby’s] medical complaints and send him for a medical evaluation .... ” The order further stated that the continuation of maintenance, and the additional relief sought in Rigby’s motion, would be deferred until further hearing after the evaluation of the plaintiff. Royal Caribbean provided the maintenance (lodging in Miami) specified in the order for the ten-day period and did not terminate it while seeking termination of its duty to do so. Royal Caribbean did not appeal that order.
The January 2010 order sought to be reviewed here only reduced the maintenance and cure obligation of Royal Caribbean, modifying the obligation to provide motel accommodations in Coral Gables to a fixed per diem amount ($25.00) consistent with Rigby’s return to Nicaragua. After unsuccessfully seeking clarification or reconsideration of the modification order in February 2010, Royal Caribbean commenced this appeal.

Analysis

This is an unusual record. Royal Caribbean is correct that in an ordinary case, maintenance and cure cannot be ordered over objection without an evidentiary hearing. Rio Miami Corp. v. Balbuena, 756 *1148 So.2d 258 (Fla. 3d DCA 2000). In this case, however, such a ruling was entered at the outset of the lawsuit and Royal Caribbean did not appeal. Indeed, after the initial ten-day period specified in that initial order, Royal Caribbean continued to provide maintenance and cure to Rigby. While to a maritime company this may seem to be punishment for a good deed, to an appellate court the failure to appeal the initial (albeit summary) maintenance and cure ruling seems to have shifted the burden to the maritime company to prove MMI (and to present any other evidence supporting termination of the benefits) at an evidentiary hearing. Whether Rigby has attained MMI after the July 2009 order is a disputed factual issue requiring an evidentiary hearing. Langmead v. Admiral Crises, Inc., 610 So.2d 565, 567 (Fla. 3d DCA 1992).
The true gravamen of Royal Caribbean’s claims below and here is delay. The maintenance and cure benefits as modifies — $25 per day versus the cost of a motel room in Coral Gables — were actually reduced in the subsequent order.[4] Royal Caribbean is frustrated that it has not been granted severance and an expedited trial on the maintenance and cure claim separately, or on all claims, and that Rigby’s presence in Nicaragua portends further delays. Motions to expedite, requests for a short evi-dentiary hearing, and motions for assignment of the case to a senior or backup judge, are among the traditional and available means of addressing such concerns.
Royal Caribbean’s initial brief accuses the trial court of “wrongfully entering a pre-trial order summarily adjudicating the merits of Rigby’s maintenance and cure claim.” That may or may not be so, but that July 2009 order was not appealed. Royal Caribbean’s remedy is thus in the trial court, not this court.
Affirmed.
SCHWARTZ, Senior Judge, concurs.

. The initial post-complaint order granting Rigby's motion for maintenance and cure was entered July 23, 2009. Instead of appealing that order, Royal Caribbean elected to move to sever the maintenance and cure claim for trial (a motion denied October 1, 2009) and *1147 then to terminate the relief granted in the July 23, 2009 order. The order modifying the maintenance and cure to be provided Rigby, and denying Royal Caribbean’s motion to terminate maintenance and cure pending trial, was entered January 20, 2010, and is the subject of this appeal. Royal Caribbean did not present evidence at the hearing on its motion to terminate maintenance and cure.

. Rigby’s injuries occurred aboard ship while attempting to manually lift heavy garbage bins of food waste and other debris.

. The trial court's oral ruling was not reduced to a signed order until July 23, 2009, but Royal Caribbean did not await the written ruling before providing maintenance and cure to Rigby.

. Royal Caribbean apparently has accepted the benefit of the trial court's order relieving Royal Caribbean of providing the Coral Gables motel room to Rigby. Its claims of ambush and prejudice (by obtaining an improvement in daily cost) are not compelling.