# Third District Court of Appeal

## State of Florida

Opinion filed June 1, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-420

Lower Tribunal No. 20-25304
_____

## God's Blessing Ltd, et al,
Appellants,

vs.

## Kathy Salas,
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Charles K. Johnson, Judge.

Stroup & Martin, P.A., and James W. Stroup and Farris J. Martin III (Fort Lauderdale), for appellants.

Law Office of Lowell J. Kuvin, LLC., and Sundeep K. Mullick and Lowell J. Kuvin, for appellee.

Before LOGUE, MILLER, and LOBREE, JJ.

LOGUE, J.

Petitioners, God's Blessing Ltd., Roger West, and James Larman (hereinafter "Shipowners"), seek review of a February 14, 2022 non-final order requiring them to reinstate Respondent Kathy Salas' maintenance and cure. We treat the order as a preliminary injunction and reverse without prejudice.

In the case below, Salas sued Shipowners alleging in pertinent part that she served as a crew member on their vessel, was injured, received maintenance and cure, and had her maintenance and cure wrongfully terminated. "Maintenance and cure is an ancient duty under the law of admiralty that arises against a shipowner in favor of a seaman who becomes ill, injured, or incapacitated, or whose condition becomes aggravated or enhanced for any reason, at least until the time that the seaman has achieved maximum medical recovery." Duarte v. Royal Caribbean Cruises, Ltd., 761 So. 2d 367, 368 (Fla. 3d DCA 2000). It includes the food, lodging, and medical services that a shipowner has the legal responsibility to provide to a crew member injured in its service. Grazette v. Magical Cruise Co. Ltd., 280 So. 3d 1120, 1124 (Fla. 5th DCA 2019). "When there are ambiguities or doubts [concerning a seaman's right to maintenance and cure], they are resolved in favor of the seaman." Vaughan v. Atkinson, 369 U.S. 527, 532 (1962).

2

The order under review was the product of Salas' emergency motion to reinstate maintenance and cure payments. The motion contains extensive representations regarding the circumstances of Salas' medical treatment, medical condition, and hardship resulting from the termination of her maintenance and cure. Attached are approximately 60 pages of unauthenticated correspondence and chiropractic records. The motion is unverified. The motion does not take the form of a motion for a temporary injunction, summary judgment, or other procedure authorized by the Florida Rules of Civil Procedure. In terms of establishing a factual record for the trial court's decision, the motion is remarkably informal. Nevertheless, the trial court granted the motion based on the facts "Plaintiff had represented to the Court," citing its "inherent authority."

The first issue for this Court to resolve is the basis for our jurisdiction. The Shipowners moved for review based either on certiorari under Rule 9.100 of the Florida Rules of Appellate Procedure or appeal of a preliminary injunction under Rule 9.130(a)(3)(B). Salas responds by contending that the order does not rise to the level of an injunction because of the powerful presumptions that apply in favor of finding a seaman's rights to maintenance and cure. No matter how powerful those presumptions may be, however, Salas sued for reinstatement of her maintenance and cure and the order

3

under review requires the Shipowners to pay Salas her maintenance and cure prior to a final determination of Salas' right to that remedy. These circumstances squarely fit within the category of a preliminary injunction which has been defined as one "issued before or during trial to prevent an irreparable injury from occurring before the court has a chance to decide the case." Black's Law Dictionary 855 (9th ed. 2009). See Camji v. Helmsley, 602 So. 2d 617, 618 (Fla. 3d DCA 1992) ("The very purpose of a temporary injunction is to preserve the status quo in order to prevent irreparable harm from occurring before a dispute is resolved."). Accordingly, we find the order under review is an injunction. We have jurisdiction under Rule 9.130(a)(3)(B).

Intertwined with her argument that the order under review is not an injunction, Salas argues that the trial court sitting in admiralty may grant interim maintenance and cure based upon representations contained in a simple motion to compel not subject to the processes and procedures established by the rules of civil procedure. In support she cites to several federal district court cases that awarded interim maintenance and cure in similar informal circumstances because "the rigid standards" of procedural rules are contrary to the "flexible" approach of admiralty jurisdiction. Connors v. Iqueque U.S.L.L.C., No. C05-334JLR, 2005 WL 2206922, at *2 (W.D.

4

Wash. Aug. 25, 2005) (granting a motion for pretrial maintenance and cure although stating the motion would have to be denied if treated like a motion for summary judgment).

We decline to adopt this caselaw in Florida for several reasons. First, the federal courts themselves are divided on this issue. Many have rejected the view that courts considering the issue of maintenance and cure in admiralty have the authority to adopt such informal procedures that are not recognized by the rules. They have held instead that "a motion to compel maintenance and cure which seeks dispositive relief should be treated as a motion for summary judgment, while a maintenance and cure motion which seeks interim relief should be treated as a motion for injunctive relief." Robb v. Jantran, Inc., No. 415CV00162DMBJMV, 2016 WL 2986233, at *3 (N.D. Miss. May 6, 2016) (internal citations omitted).

Second, while state courts hearing admiralty cases generally utilize the substantive law of admiralty, they use the procedural law of their own jurisdiction. Norwegian Cruise Lines, Ltd. v. Zareno, 712 So. 2d 791, 794 (Fla. 3d DCA 1998) ("[W]e conclude that the state statute's procedural requirement of showing a reasonable basis for punitive damages at the complaint stage, neither conflicts with, nor adds to, substantive federal maritime standards for punitive."). See, e.g., Helix Energy Sols. Grp., Inc. v.

Howard, 452 S.W.3d 40, 43 (Tex. App. 2014) ("Whether a claim for maintenance and cure may be decided by the court on a motion to compel is a procedural question, not a matter of substantive federal maritime law that would preempt contrary state procedure.").

Requiring a party like Salas to follow the rules of civil procedure also dovetails with the limited Florida case law on this matter. See Royal Caribbean Cruises, Ltd. v. Rigby, 96 So. 3d 1146, 1147 (Fla. 3d DCA 2012) (noting "Royal Caribbean is correct that in an ordinary case, maintenance and cure cannot be ordered over objection without an evidentiary hearing" but finding an exception for an order based on a motion to compel that was not timely appealed); Rio Miami Corp. v. Balbuena, 756 So. 2d 258 (Fla. 3d DCA 2000) (reversing a motion to reinstate maintenance and cure because of contradicting medical evidence).

For this reason, absent an argument the rules are somehow preempted which is not being made here, we hold that a party seeking maintenance and cure on an interim, pre-trial basis in a Florida court must utilize the processes and procedures adopted by the Florida Supreme Court. Art. V, § 2(a), Fla. Const. (2021). By adopting the rules, the Supreme Court necessarily limited the discretion of trial courts to depart from the rules in matters of practice and procedure.

6

Because the order under review was not adopted by a procedure recognized by the rules, we reverse, without prejudice to Salas filing a renewed motion in a form compliant with the rules.

Reversed.