Mary Helen DeLong **CHUMBLER**, widow
of Raymond Clyde Chumbler, Jr.,
etc., Appellant,

v.

**ALABAMA POWER COMPANY** et al.,
Appellees.

No. 22520.

United States Court of Appeals
Fifth Circuit.
June 17, 1966.
Rehearing Denied Aug. 11, 1966.

Francis H. Hare, Jr., Neal C. Newell, Hare, Wynn, Newell & Newton, Birmingham, Ala., Kenyon, Kenyon & Gunter, Gainesville, Ga., for appellant.

S. R. Starnes, Spain, Gillon & Young, Birmingham, Ala., for appellee, Conn.

Harold A. Bowron, Jr., Jack D. Carl, Martin, Balch, Bingham, Hawthorne & Williams, Birmingham, Ala., for appellee.

Before JONES and GEWIN, Circuit Judges, and HUNTER, District Judge.

JONES, Circuit Judge.

Mrs. Mary Helen DeLong Chumbler, the appellant here, instituted this diversity action in a Federal district court of Alabama to recover damages on behalf of herself and her minor children for the accidental electrocution of her husband, Raymond Clyde Chumbler, Jr. The defendants were the Alabama Power Company and Conn Machine & Welding Com-

pany. Conn had supplied a crane involved in the accident. The jury returned a general verdict for the defendants, and Mrs. Chumbler appealed from the judgment entered thereon. Error is urged in the trial court's refusal to allow the plaintiff to call and examine the appellee's employee, Joe Worthy, under Rule 43(b), Fed.Rules Civ.Proc. 28 U.S.C.A., or to impeach his testimony, and in the court's charge to the jury on the Alabama law of contributory negligence.

On July 23, 1963, the Standard Machinery Corporation was erecting a feed mill at its plant near Ashland, Alabama. The decedent was employed by Standard as foreman of a three-man crew working on the project. The defendant Conn had supplied a crane and a crane operator for use in the construction. The mill was being constructed near a 7200-volt, uninsulated, primary electric power line which was owned and operated by the defendant Alabama Power. Joe Worthy was the district line foreman in charge of construction and maintenance of the line. The day before the accident, July 22, he had been in charge of a crew installing a new pole and additional wires running from a step-down transformer to the feed mill. The decedent was electrocuted when the boom of the crane swung over the high-voltage wires, causing the cable running from the end to touch the wires. The decedent was holding on to a large elevator head attached to the cable.

The plaintiff alleged Conn was liable due to the alleged negligence of its employee, the crane operator, in moving the cranes so that the cable and the high-voltage wires came into contact, and that Alabama Power was liable as a result of Worthy's alleged negligence in failing to exercise adequate precautions in stringing the power line and in failing to de-energize the line while the mill was under construction. While negligence was denied by both defendants and assumption of the risk pleaded, the trial and this appeal center on the defense of contributory negligence in that the decedent was alleged to have been directing the movements of the crane and to have refused an offer by Worthy to de-energize the power line while the elevator head was being lifted into place.

At the opening of the trial the appellant sought to call and examine Joe Worthy "as a hostile witness under Rule 43 (b)."[1] The trial judge stated that inquiry would be made "as to his capacity to determine whether Rule 43 is applicable." The jury was excused and Worthy was examined. In overruling an objection to a question, the trial court stated, "I have got to pass on the question * * whether or not Mr. Worthy is a managing agent of the Alabama Power Company within the meaning of Rule 43(b)."

The trial court refused to allow Worthy to be called by the plaintiff under Rule 43(b) as a managing agent. The court expressed the view that he could be called only if he were a managing agent within the rule of Dowell, Inc. v. Jowers, 5th Cir. 1950, 182 F.2d 576, and found that he was not. The appellant argues here that, although Worthy was not a named defendant, he was the tort-feasor for whose negligence Alabama Power Company was liable under the doctrine of respondeat superior. As such, he is seen as an adverse party within the meaning of Rule 43(b), which allows leading questions, impeachment, and contradiction of the witness in such instances. The appellees argue that whether to allow impeachment and cross-examination under the circumstances was a matter wholly within the discretion of the trial judge. Analogous decisions of this Court give us a guide to the applicable rule.

[1]. A party may interrogate any unwilling or hostile witness by leading questions. A party may call an adverse party or an officer, director, or managing agent of a public or private corporation or of a partnership or association which is an adverse party, and interrogate him by leading questions and contradict and impeach him in all respects as if he had been called by the adverse party, and the witness thus called may be contradicted and impeached by or on behalf of the adverse party also, and may be cross-examined by the adverse party only upon the subject matter of his examination in chief. Rule 43(b) Fed.Rules Civ.Proc. 28 U.S.C.A.

The principles which should govern our determination of this issue are clearly pointed up in Maryland Casualty Co. v. Kador, 5th Cir. 1955, 225 F.2d 120. In the cited case action was brought for damages resulting from an automobile collision under the Louisiana Direct Action Statute [2] against the liability insurance carrier of the driver whose negligence was alleged as the cause of the injury. This Court held that the insured driver, who was alleged to be the tortfeasor, but who was not made a defendant, occupied an adverse position toward the injured party and he could have been made a defendant. The alleged tort-feasor was, we held, an adverse party within the meaning of Rule 43(b).

The question as to whether the Rule should be restricted to instances where it appeared that the person sought to be called as an adverse party was cooperating with the named defendant was raised in Pan-American Casualty Co. v. Reed, 5th Cir. 1957, 240 F.2d 336, cert. den., 355 U.S. 819, 78 S.Ct. 24, 2 L.Ed.2d 35, but found it unnecessary to pass upon the point. In that case, the person called was the mother of the plaintiff and grandmother of the decedent. As the techniques of cross-examination were neither needed nor used, as is generally contemplated where the party called has a community of interest with the plaintiff, it was held that if there were error, it was harmless. A parenthetical comment to the effect that there was much that could be argued in favor of a limitation of the rule caused some confusion both at the bench and at the bar. This uncertainty was removed in Degelos v. Fidelity & Casualty Co., 5th Cir. 1963, 313 F.2d 809.

■■ In the *Degelos* case, the question was whether the plaintiff had a right, rather than a privilege within the discretion of the trial judge, to call her son, the driver of the car in which her husband, the boy's father, had been killed. The automobile was owned by the son's employer, and the action was under the Louisiana Direct Action Statute against the employer's insurance carrier. The son's negligence was the determinative jural fact. It was held that where the son's real interest lay was not a question for resolution by the judge, but a matter to be resolved by the jury in weighing his testimony. His hostility or lack of hostility was held to be irrelevant under the second sentence of Rule 43(b). The distinction between the first sentence of the Rule, which treats of unwilling or hostile witnesses, and the second sentence, dealing with adverse parties and others, was carefully drawn. Under the latter provision, the sole issue is whether the party sought to be called occupies an adverse position to the party seeking to call him. His presumed or actual hostility, or lack thereof, is irrelevant. So also the identity of the named party is irrelevant. The question is whether the party sought to be called could have been sued, either instead of the named defendant or as a co-defendant. If so, and if the witness is an alleged tort-feasor, and if the standard for recovery would be the same whichever were sued, he is an adverse party within the meaning of Rule 43(b). The Louisiana Direct Action Statute, under which all of the cited cases from this Court were brought, was not an essential factor for invoking the rule.

Counsel for the appellant was not specific in stating the provision or provisions of the Rule upon which he relied in calling Worthy as a witness. It is indicated that he regarded Worthy, at the outset, as an unwilling or hostile witness. The trial court was apparently of the view that he was called as a managing agent of the Alabama Power Company. The real question was, or should have been, whether Worthy was an adverse party. There may be a doubt as to whether the question was properly presented and preserved, but we think it was before the trial court and that the interests of justice require that it be considered here.

■ In the instant case, Worthy was the alleged tort-feasor whose conduct gave rise to the cause of action. The Alabama Power Company will be liable

2. LSA–R.S. 22:655.

only if such facts are proved as would be required in order to show liability on the part of Worthy had he been joined or sued alone. Since Worthy was an adverse party within the Rule, it was error for the district court to refuse to allow him to be called as such. Therefore, the cause must be remanded for a new trial. As the verdict was general, there is no way to tell whether the jury felt there was no negligence on the part of Conn's crane operator or whether the verdict was based on a finding of contributory negligence, or on some other theory. Hence there will be a reversal as to both appellees.

■ There was no error in the district court's charge on the Alabama law of contributory negligence. The court charged as follows:

"This I believe to be a fair statement of the rule which has been applied consistently in the Alabama Courts, if the jury believes from the evidence that the plaintiff's husband, Mr. Chumbler, knew of the location of the wire which caused his death, and the danger therefrom, and if the jury believes from the evidence that the death of Mr. Chumbler was proximately due to his inattention, indifference, absentmindedness, or forgetfulness of the presence and danger of such wire, then your verdict must be for the defendants."

This charge is substantially the same as that approved by this Court in Roberts v. Tennessee Coal, Iron & R. Co., 5th Cir. 1918, 255 F. 469, cert. den. 250 U.S. 659, 40 S.Ct. 9, 63 L.Ed. 1194, as properly reflecting the law of Alabama. Indeed, the appellant concedes this has long been the law in that State, but contends the rule is out-dated and has been modified by two more recent cases to the extent that absentmindedness or forgetfulness can no longer constitute negligence unless the conduct falls short of the standard of the reasonably prudent man. The two cases cited to us, F. W. Woolworth Co. v. Bradbury, 1962, 273 Ala. 392, 140 So.2d 824, and Foster & Creighton Co. v. St. Paul Mercury Indemnity Co., 1956, 264 Ala. 581, 88 So.2d 825, to the extent that they concern themselves with contributory negligence, treat of the requirement that one not only be aware of a dangerous condition but also have an appreciation of the danger involved. Neither case purported to modify the previously existing law on that point or on the point here in issue.

The elements of contributory negligence are stated in the same language in both of the cited cases. The requirements are that the plaintiff had knowledge of the condition or failure, appreciated the danger under surrounding conditions and circumstances and did not exercise reasonable care in the premises, but with such knowledge and appreciation, put himself in the way of danger.

We find no substantial difference between this statement of principle and that stated in *Roberts*, which is the basis for the charge given by the district court in this case. The charge given in this case contains all the elements of the more recent statement of the rule. The reasonably-prudent-man test is sufficiently delineated and is spelled out in considerable detail in the charge read as a whole. Since the instruction given is not in conflict with the recent decisions of the Supreme Court of Alabama, no error was committed.

Reversed and remanded.