407 So.2d 601 (1981)
TALLAHASSEE MEMORIAL REGIONAL MEDICAL CENTER and Florida Patients' Compensation Fund, Appellants,
v.
Connie J. MITCHELL, Appellee.
Nos. ZZ-304, ZZ-321.
District Court of Appeal of Florida, First District.
September 24, 1981.
Rehearing Denied January 18, 1982.
John D. Buchanan, Jr. of Hendry, Buchanan, Mick & English, David A. Barrett of Barrett, Bajoczky & Barrett, and Professor Charles W. Ehrhardt, Tallahassee, for appellants.
Harry Lewis Michaels and R. Lee Dorough, Tallahassee, for appellee.
PER CURIAM.
This is an appeal from an order of the trial court granting plaintiff's motion for a new trial. We affirm.
In November 1978, Connie Mitchell underwent a sterilization operation at Tallahassee Memorial Regional Medical Center (the Hospital). Just prior to the operation she was administered a general anesthesia by a Certified Registered Nurse Anesthetist. When the CRNA attempted to place the breathing tube into appellant's trachea, he had difficulty finding the anatomical structures which guide him in placing the tube properly. After three tries, he called another CRNA who placed the tube after two unsuccessful attempts. The second CRNA checked the appellee's breathing then left the room. Shortly thereafter the original CRNA noticed appellee turning blue. Within minutes an anesthesiologist arrived and appellee was stabilized. However, she sustained some brain damage as a result of the incident.
Appellee sued the hospital, and the presiding doctor. By stipulation and pursuant to § 768.54(3)(e), Fla. Stat. (1979), the Florida Patients' Compensation Fund (the Fund) was also named a defendant in the suit.
In the opinion of two expert witnesses who testified on behalf of the plaintiff, the cause of Ms. Mitchell's injury was an improper placement of the tube. According to those experts the tube had been placed in the esophagus instead of the trachea. After the plaintiff's case in chief, the Hospital called Dr. Robert Kirby as an expert witness. Dr. Kirby testified that in his opinion the injury was caused by the appellee regurgitating gastric stomach juices into the properly placed tube. According to Dr. Kirby, the injury was in no way the result of fault, or negligence, on the part of the hospital staff. Thus the issue of liability revolved around which expert witness the jury chose to believe.
*602 After counsel for the Hospital examined Dr. Kirby, counsel for the Fund conducted its own examination.[1] Plaintiff's counsel apparently believed the questioning by the Fund was a continuation of direct examination. On being informed by the trial judge that the Fund was cross-examining the witness, the plaintiff did not object. However, when the Fund attempted to use a medical treatise to bolster Dr. Kirby's opinion the plaintiff's counsel objected that that use was improper cross-examination.
The jury returned a verdict in favor of the defendants, and the plaintiff moved for a new trial. The motion was granted because the trial judge found that his decision to allow the Fund to cross-examine the Hospital's witness and use the medical treatise had been error. The Hospital and Fund appeal alleging that the decision of the trial judge to permit the cross-examination was discretionary in nature, that therefore there was no error during the trial, and no grounds existed for granting a new trial.
While the decision to allow the Fund to cross-examine the Hospital's witness may have been discretionary, the judge is not precluded from finding, after hearing the testimony that is elicited on the so-called "cross-examination", that evidence was improperly presented to the jury.
Furthermore, we agree with the trial judge that the use of the medical treatise was improper in this case. There was no adversity between the Hospital and the Fund. The medical book could not have been used in direct examination in the manner that it was used on the so-called cross-examination. The new evidence code allows an expert to rely on facts or data which are inadmissible in evidence as the basis of an opinion, if the facts or data are of a type reasonably relied on by experts in the subject to form the opinion.[2] This section does not permit the expert to bolster his opinion by showing a medical book to the jury for the purpose of comparing photographs of x-rays in the book to photographs of the plaintiff's x-rays, as was done in this case.
The evidence code permits the use of medical books on cross-examination provided certain conditions are met.[3] However, we are of the opinion that by calling the interrogation by the Fund a cross-examination in this case, the two defendants together managed to introduce evidence which one alone could not have. The sole purpose of the medical book was to supplement the opinion of the doctor which had already been formed and testified to. Therefore, the book was not used for the purposes of "cross-examination" as that term is used in § 90.706. Stated another way, the use of the book was an improper method of cross-examination in this case.
Because improper evidence was admitted on the crucial issue of liability, it is apparent that the jury was deceived as to the force and credibility of the evidence. Therefore, there was no error in granting the new trial. Wackenhut Corporation v. Canty, 359 So.2d 430 (Fla. 1978).
AFFIRMED.
McCORD and SHIVERS, JJ., and MASON, ERNEST E., (Retired) Associate Judge, concur.
NOTES
[1] The Fund had cross-examined some of plaintiff's witnesses, had conducted separate voir dire examination during jury selection, and generally participated separately in the trial. Appellee has not contested the Fund's right to actively participate in the trial.
[2] § 90.704, Fla. Stat. (1979).
[3] § 90.706, Fla. Stat. (1979).