404 So.2d 821 (1981)
Louis R. SMITH, Sr., Appellant,
v.
FORTUNE INSURANCE COMPANY, Appellee.
No. TT-268.
District Court of Appeal of Florida, First District.
October 13, 1981.
*822 Brent M. Turbow and Arthur T. Boone, Jacksonville, for appellant.
Robert T. Hyde, Jr. of Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for appellee.
BOOTH, Judge.
This cause is before us on appeal from a judgment entered on a jury verdict against appellant Smith on his claim under a homeowner's policy issued by appellee, Fortune Insurance Company. Approximately one year after the policy was issued, a fire completely destroyed Smith's mobile home and its contents. An investigation by the Bradford County Sheriff's Department revealed that Smith's 19-year-old daughter, Cathy, apparently acting deliberately, had set fire to the mobile home. Fortune refused to pay out proceeds under the policy, citing the following exclusionary provision:
This company shall not be liable under Section I of this policy:
10. For loss due to acts of malicious mischief or vandalism perpetrated by any member of the household or a person in lawful possession or custody of the mobile home.
Smith brought suit for recovery under the policy. After a jury trial, judgment was entered in favor of Fortune.
At trial, Cathy Smith was called by Fortune as an adverse party witness. She denied starting the fire and also denied any knowledge of how or where the fire started. Fortune then called Lieutenant Moore of the Bradford County Sheriff's Department, who testified, over objection, concerning an interview he had with Cathy at the home of one of her friends on the day after the fire. He testified that, during the interview, Cathy told him she had been "playing with matches" in her bedroom and the bed cover caught fire. Lieutenant Moore further stated that Cathy told him she did not attempt to put out the fire and that, although she knew her family was in the trailer, it did not really matter to her because "she had had all she could stand, all she wanted was out."
Other evidence adduced at trial indicated that the fire had started in what appeared to be a bedroom area of the mobile home and that, when the fire started, Cathy took three packed suitcases from her room and fled the scene.
On appeal, Smith contends that Lieutenant Moore's testimony regarding Cathy's out-of-court statements should not have been allowed because Cathy, not a party to the lawsuit, was not an "adverse party," and, under Rule 1.450, Florida Rules of Civil Procedure and Florida Statutes, Section 90.09, Lieutenant Moore's testimony was improper as impeachment of one's own witness and as hearsay.
We find that Cathy was an "adverse party," even though not a "party" named in the pleadings. Accordingly, Fortune's impeachment of her testimony was proper under Rule 1.450(a), and Lieutenant Moore's testimony regarding Cathy's out-of-court *823 statements came within the "admissions" exception to the hearsay rule. Florida Statutes, Section 90.803(18)(a); Hunt v. Seaboard Coastline Railroad Company, 327 So.2d 193 (Fla. 1976). Cathy's admissions constituted substantive evidence that she started the fire, upon which the jury could base an inference that she did so willfully and maliciously.
One need not be named in the pleadings or aligned in the pleadings in opposition to the party calling him, to be called as an adverse party witness. Rubin v. Kapell, 105 So.2d 28, 32 (Fla.3d DCA 1958). Rather, the test is whether the party sought to be called "occupied an adverse position toward" the party seeking to call him, Degelos v. Fidelity and Casualty Company, 313 F.2d 809, 815 (5th Cir.1963), and could have been named as a party. Chumbler v. Alabama Power Company, 362 F.2d 161, 163 (5th Cir.1966).
In the instant case, all of Cathy's belongings, which she did not take with her, were in the mobile home and destroyed by the fire. Under the terms of the policy being sued upon, Cathy was an "insured;"[1] and, therefore, she stood to gain financially by a resolution of the case favorable to her father. Also, Cathy was the alleged "wrongdoer" whose conduct caused the loss for which Fortune was potentially liable and which gave rise to the instant action.
Accordingly, the judgment is AFFIRMED.
ROBERT P. SMITH, Jr., C.J., and SHAW, J., concur.
NOTES
[1] Under the heading "Definitions  Section I," the insurance policy provides, in pertinent part:

1. Insured: The unqualified word "Insured" includes:
(a) The Named Insured stated in the Declarations of this policy; and
(b) If residents of his household, his spouse, the relatives of either, and any other person under the age of 21 in the case of any Insured.