438 So.2d 138 (1983)
Alejandro MEDINA and Zulema Medina, Individually and As the Parents and Next Friends of Javier Medina, a Minor, Appellants,
v.
VARIETY CHILDREN'S HOSPITAL, a Florida Corporation and Mt. Sinai Hospital of Greater Miami, Inc., et al., Appellees.
Nos. 81-1814, 81-1865.
District Court of Appeal of Florida, Third District.
September 20, 1983.
Horton, Perse & Ginsberg, Ratiner & Glinn, Miami, for appellants.
Talburt, Kubicki & Bradley and Betsy E. Hartley, Adams, Ward, Hunter, Angones & Adams, Jeanne Heyward, Miami, Adkins & Hardy, Coral Gables, for appellees.
Before NESBITT, DANIEL S. PEARSON, and FERGUSON, JJ.
PER CURIAM.
A jury awarded damages of $25,000 to an infant and one parent for substantial injuries suffered by the infant as a result of medical negligence. The jury verdict and final judgment must be set aside because the record affirmatively demonstrates that the verdict was improper or that the jury was influenced by considerations outside the record. It is also apparent that the jury was deceived as to the force and credibility of the evidence owing to improper rulings on evidentiary matters. We address briefly *139 some of the errors committed so that they will not be repeated in a new trial.
First, when a trial judge believes that an attorney's conduct is improper, it is error for him to criticize or take any disciplinary action against the attorney in the presence of the jury. Instead, such action should be taken only at a side bar conference out of the hearing of the jury, or upon excusing the jury. Florida Motor Lines Corporation v. Barry, 158 Fla. 123, 27 So.2d 753 (1946); Seaboard Coast Line Railroad Co. v. Wiesenfeld Warehouse Co., 316 So.2d 567 (Fla. 1st DCA 1975), cert. denied, 328 So.2d 846 (Fla. 1976); Skelton v. Beall, 133 So.2d 477 (Fla. 3d DCA 1961).
Second, medical treatises cannot be used to bolster the testimony of a physician on direct examination. See Tallahassee Memorial Regional Medical Center v. Mitchell, 407 So.2d 601 (Fla. 1st DCA 1981); see also § 90.706, Fla. Stat. (1981).
Finally, at least as to defendant Variety Children's Hospital, plaintiff should have been permitted to call Dr. Mencia, a physician/agent of that hospital, as an adverse witness so as not to be bound by the witness's unfavorable testimony. See Smith v. Fortune Insurance Co., 404 So.2d 821 (Fla. 1st DCA 1981).
Because the errors already addressed require a new trial, we need not discuss the more difficult issue, i.e., that the jury verdict was an impermissible compromise. It is extremely unlikely that another jury will return a similar verdict on retrial.
Reversed and remanded for a new trial on issues of liability and damages.