508 So.2d 363 (1987)
Brenda NOOR and Peter Noor, Appellants,
v.
CONTINENTAL CASUALTY COMPANY, a Foreign Corporation; Gessler Clinic, P.A.; and Marvin G. Burdette, M.D., Appellees.
No. 86-1544.
District Court of Appeal of Florida, Second District.
February 13, 1987.
*364 Jack E. Bowen, of Troutman, Williams, Irvin, Green & Troutman, P.A., Winter Park, for appellants.
Jonathan C. Hollingshead, of Fisher, Rushmer, Werrenrath, Keiner, Wack & Dickson, P.A., Orlando, for appellees.
CAMPBELL, Judge.
Appellants, Brenda Noor and Peter Noor, appeal a final summary judgment entered below for appellees. We affirm.
Appellants alleged that Marvin G. Burdette, M.D., a member of Gessler Clinic, P.A., committed medical malpractice insofar as Dr. Burdette's treatment of Mrs. Noor's breast cancer possibly reduced her life expectancy causing her emotional trauma and mental anguish.
The undisputed facts show that Mrs. Noor was referred to Dr. Burdette, a Board Certified General Surgeon, on February 5, 1980, for the diagnosis and treatment of a lump in her left breast. Mrs. Noor was referred by her treating physician, Dr. Herbert W. Acken, who at the time was also a member of Gessler Clinic, specializing in obstetrics and gynecology. Mrs. Noor had first discovered the lump approximately fourteen months previously, following the birth of a child. At the time Mrs. Noor was twenty-seven years old.
At his first examination of Mrs. Noor on February 5, 1980, Dr. Burdette was able to feel the lump and attempted a needle aspiration. Based upon his physical examination and Mrs. Noor's age and history, he was of the opinion that the lump was not cancerous. He advised Mrs. Noor to continue to be alert for any changes in her condition, but absent any, to reschedule an appointment in approximately two months. Mrs. Noor returned for an appointment on April 29, 1980. Dr. Burdette again could detect no changes in her condition, advised her again to continue to monitor it and come back for an appointment in three months. Dr. Burdette did not suggest, nor did Mrs. Noor request, a biopsy at either of the first two examinations.
Mrs. Noor returned again on September 12, 1980. While still observing no changes in the size of the lump, Dr. Burdette decided to perform a biopsy to rule out the possibility of a malignancy. Dr. Burdette performed the biopsy on September 25, 1980, and discovered the mass to be malignant. A modified radical mastectomy was performed on Mrs. Noor's left breast. In addition to the cancerous mass, eleven of thirteen lymph nodes removed in the surgical procedure were determined to be cancerous. Mrs. Noor has since received chemotherapy treatment from an oncologist and has remained cancer free since her surgery. Her actual recovery has exceeded her early prognosis.
The evidence is uncontradicted that Mrs. Noor statistically has a shortened life expectancy as a result of her malignancy. The evidence is also uncontradicted that the extent of the decreased life expectancy is speculative at best. The evidence is further uncontradicted that had Dr. Burdette diagnosed a malignancy when he first observed *365 Mrs. Noor on February 5, 1980, her treatment at that time would have necessarily involved the same procedure, a modified radical mastectomy, that was performed on September 25, 1980. Mrs. Noor's cause of action against Dr. Burdette is based on her claim that Dr. Burdette's failure to properly diagnose her condition on February 5, 1980 or April 29, 1980, rather than September 25, 1980, further shortened her life expectancy, and she has consequently suffered emotional trauma and mental distress.
The fallacy in Mrs. Noor's claim is that her life expectancy would have been shortened even if Dr. Burdette had accurately diagnosed her condition on February 5, 1980, and performed the modified radical mastectomy at that time. The question of whether Mrs. Noor's life expectancy was further decreased by the delay from February to September can only involve pure speculation. Mrs. Noor's claim of negligence against Dr. Burdette is based on his alleged delay in diagnosis and not his actual treatment of Mrs. Noor's condition. Since any decrease in her life expectancy because of the delay is purely speculative, Dr. Burdette's alleged negligence cannot be demonstrated to have proximately caused Mrs. Noor's decreased life expectancy or resulting emotional trauma or mental distress.
Appellees have conclusively demonstrated that Mrs. Noor had a decreased life expectancy as a result of her disease, not the delay. Appellants are unable to present any nonspeculative evidence as to what extent, if any, Dr. Burdette's failure to immediately diagnose her disease added to Mrs. Noor's decreased life expectancy. Appellees were, therefore, properly awarded summary judgment as a matter of law. Gooding v. University Hospital Building, Inc., 445 So.2d 1015 (Fla. 1984); Holl v. Talcott, 191 So.2d 40 (Fla. 1966). It is, therefore, unnecessary for us to address the question of whether a cause of action might exist for emotional trauma or mental distress connected with a decreased life expectancy. But see Gooding.
Appellees also raise as error the trial court's denial of their motion for rehearing based upon newly discovered evidence. The motion for rehearing did not involve newly discovered evidence but, on the contrary, sought to present evidence of a new expert in the field of oncology. Appellants allege they had been unable to find an oncologist that would testify favorably until April 24, 1986. Mrs. Noor's treating oncologist testified by deposition on October 23, 1985. Appellees' motion for summary judgment was filed March 28, 1986, with an accompanying affidavit of an additional oncologist. Appellants took the deposition of that additional oncologist on April 4, 1986. The hearing on appellees' motion for summary judgment was held on April 16, 1986. Appellants made no requests for continuance. Summary judgment was entered May 9, 1986, and appellants' motion for rehearing was served May 16, 1986. The denial of the motion for rehearing was not an abuse of discretion.
Affirmed.
SCHEB, A.C.J., and HALL, J., concur.