510 So.2d 977 (1987)
Avis QUARREL, Appellant,
v.
Donald MINERVINI, M.D., Donald Minervini, M.D., P.A., Appellee.
No. 86-1759.
District Court of Appeal of Florida, Third District.
July 7, 1987.
Rehearing Denied August 31, 1987.
Richard A. Barnett, Hollywood, for appellant.
Rhea P. Grossman, Miami, for appellee.
Before HUBBART, DANIEL S. PEARSON and FERGUSON, JJ.
PER CURIAM.
After the trial of this cause we decided Maleh v. Florida East Coast Properties, Inc., 491 So.2d 290 (Fla. 3d DCA 1986), holding that it was an abuse of discretion to limit plaintiff's counsel to a mere five minutes for an opening statement. The evidence, in this fairly complex medical malpractice case, consisted of the testimony of twelve witnesses and the introduction of complicated medical records. Counsel's complaint to the trial judge, that he could not fairly outline the case to the jury in the allotted time, was well-founded. Reversal is required.
Plaintiff testified that her consent to surgery was uninformed. Although her testimony lacked cogency and conflicted with the defendant's testimony, it was, nevertheless, sufficient to survive a motion for a directed verdict. Dandashi v. Fine, 397 So.2d 442 (Fla. 3d DCA 1981). If the evidence is conflicting, or will admit of different reasonable inferences, or if there is any evidence tending to prove the issue, it should be submitted to the jury as a matter of fact, and not taken from them as a question of law. Hendricks v. Dailey, 208 So.2d 101 (Fla. 1968).
Since the case must be retried we address another incorrect evidentiary ruling which alone, on the facts of this case, would not have been grounds for reversal. *978 Medical treatises cannot be used to bolster the testimony of a physician on direct examination. § 90.706, Fla. Stat. (1985); Medina v. Variety Children's Hospital, 438 So.2d 138 (Fla. 3d DCA 1983).
Reversed and remanded for a new trial.