546 So.2d 1118 (1989)
Steven J. CHORZELEWSKI, McCullagh Leasing, Inc., a Florida Corporation, and Pepsi-Cola Bottling Co. of Fort Lauderdale-Palm Beach, Inc., a Florida Corporation, Appellants,
v.
Nilsa I. DRUCKER, Appellee.
Nos. 88-1586, 88-2401.
District Court of Appeal of Florida, Fourth District.
July 7, 1989.
Rehearing Denied August 25, 1989.
R. Fred Lewis of Magill & Lewis, P.A., Miami, for appellants.
Larry Klein of Klein, Beranek & Walsh, West Palm Beach, and Sheldon J. Schlesinger, P.A., Fort Lauderdale, for appellee.
GUNTHER, Judge.
Nilsa Drucker, plaintiff below, brought a negligence action for injuries sustained when her car was involved in an accident with a Pepsi-Cola truck driven by defendant, Chorzelewski, owned by defendant, McCullagh, and leased to defendant, Pepsi-Cola. Plaintiff received no lasting physical injuries, but maintains she suffers from post traumatic stress syndrome as a result of the accident. The defendants admitted causing the accident, but denied that the accident was the legal cause of plaintiff's injuries. The jury awarded plaintiff $650,000.00 in damages. We reverse and remand for a new trial.
In our view, the trial court erred in permitting plaintiff's attorney to read textual material from a medical treatise to the plaintiff's expert witness, and in permitting the expert witness to bolster his own opinion testimony by using the medical treatise during his direct examination. It is clear that section 90.706, Florida Statutes (1987), permits introduction of a medical treatise only in cross examination of an expert witness. See Tallahassee Memorial Regional Medical Center v. Mitchell, 407 So.2d 601 (Fla. 1st DCA 1981).
Furthermore, because the plaintiff maintained she suffered from post traumatic stress syndrome as a result of the accident, the trial court erred in excluding testimony by the plaintiff's treating psychiatrist about other stressful situations in the plaintiff's life. Since the plaintiff waived her psychiatrist-patient privilege, the treating physician should have been permitted to reveal what the plaintiff told him about other stressful incidents involving her son and husband. Once the treating psychiatrist testified that the accident was more stressful than other situations in the plaintiff's life, the jury should have been given all pertinent facts about whatever stressors the plaintiff was enduring. In our view, since the plaintiff was seeking damages for a stress-related disorder *1119 which she claimed was solely caused by the defendant's negligence, any other stressors were relevant and material and should have been revealed to the jury.
Accordingly, we reverse the jury verdict for plaintiff and remand for a new trial.
DELL, J., concurs.
STONE, J., dissents without opinion.