593 So.2d 1214 (1992)
Jack M. MEZRAH, M.D., and Mezrah, Cohen and Saphier, P.A., Appellants,
v.
Lillie Grace BEVIS, Appellee.
No. 91-00884.
District Court of Appeal of Florida, Second District.
February 21, 1992.
Julian Clarkson of Holland & Knight, and Richard B. Collins and John W. Black of Collins, Dennis & Truett, P.A., Tallahassee, for appellants.
Joel D. Eaton of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, and John R. Feegel, Tampa, for appellee.
LEHAN, Acting Chief Judge.
In this medical malpractice action the defendants, a gynecologist and his professional association, appeal a final judgment entered on a jury verdict finding them liable to plaintiff for failing to diagnose breast cancer. We affirm.
As to defendants' first argument that the trial court erred in allowing expert testimony from a pathologist that defendants breached the standard of care, we conclude that there was no error. See § 766.102(2)(c)2, Fla. Stat. (1989). Also, there was additional competent testimony from another expert to that effect.
As to defendants' second argument, we do not agree that the evidence on the issue of causation was merely speculative. There was competent expert testimony which, as we have said, was not improperly allowed that had defendants not breached the standard of care, plaintiff's breast cancer "more likely than not" would have been completely cured. See Gooding v. University Hospital Building, Inc., 445 So.2d 1015, 1018 (Fla. 1984).
Noor v. Continental Casualty Co., 508 So.2d 363, 365 (Fla. 2d DCA 1987), in which this court affirmed a judgment for defendants in a medical malpractice case based upon the alleged failure to timely diagnose breast cancer, is distinguishable. Damages were sought in that case on the alleged basis that Mrs. Noor's life expectancy had been shortened due to a delay of several months in failing to diagnose her cancer. This court pointed out that her life expectancy had been shortened as a result of the disease even if the disease had been correctly diagnosed by defendant doctor at the first opportunity. The plaintiffs in that case did not prove causation because they did not produce any "nonspeculative evidence as to what extent, if any, [defendant doctor's] failure to immediately diagnose her disease added to Mrs. Noor's decreased life expectancy." Id. at 365. On the other hand, plaintiff in this case apparently sought damages on a different basis, i.e., that had the breast cancer been timely diagnosed, she more likely than not would *1215 have been cured. As noted above, she produced sufficient evidence in that regard.
Affirmed.
THREADGILL, J., and McDONALD, RANDALL G., Associate Judge, concur.