630 So.2d 606 (1993)
Frederick GREEN, as Personal Representative of the Estate of Mary Sykes, etc., et al., Appellants,
v.
Richard I. GOLDBERG, M.D., Appellee.
No. 92-0940.
District Court of Appeal of Florida, Fourth District.
December 15, 1993.
Order Conditionally Granting for Appeal January 26, 1994.
*607 Roy W. Jordan, Jr. of Law Offices of Roy W. Jordan, Jr., West Palm Beach, for appellants.
Philip D. Parrish of Stephens, Lynn, Klein & McNicholas, P.A., Miami, for appellee.
Order Conditionally Granting Attorney Fees for Appeal January 26, 1994.
PARIENTE, Judge.
This medical malpractice action involves delay in diagnosing breast cancer, which plaintiff alleges resulted in the death of his wife. The trial court excluded the testimony of the plaintiff's only expert witness on standard of care. We find that the testimony of the plaintiff's expert oncologist was improperly excluded, and reverse the order granting the directed verdict.
This is the second time the plaintiff's case has been in this court after the granting of a directed verdict where we must evaluate the testimony of plaintiff's expert, Dr. Singer. In Green v. Goldberg, 557 So.2d 589 (Fla. 4th DCA 1989), rev. denied, 564 So.2d 1086 (Fla. 1990), the issue was the sufficiency of Dr. Singer's testimony on causation. Applying the standard set forth in Gooding v. University Hosp. Bldg., Inc., 445 So.2d 1015 (Fla. 1984), this court held that his testimony was sufficient to establish causation.
At the second trial, the defendant, Dr. Goldberg, affirmatively attacked Dr. Singer's expertise as an oncologist to testify on the standard of care of a surgeon in failing to timely diagnose breast cancer and in failing to perform a biopsy. Dr. Singer testified to his familiarity with the standards concerning *608 when a biopsy should be performed on a patient with a suspicious lump. He stated he is involved in breast cancer screening, as well as teaching breast self-examination to the patients at the cancer center where he works. He examines patients for breast cancer and regularly refers patients when necessary to surgeons. He is knowledgeable about when a breast examination requires a biopsy to determine the existence of breast cancer. He has qualified as an expert on previous occasions to testify on standard of care and when to perform a biopsy. However, he testified that he does not perform biopsies, and that he could not tell a surgeon to perform the biopsy or what technique to use. Based on his concession that the surgeon makes the ultimate determination as to whether to perform a biopsy, the trial court excluded Dr. Singer's testimony on standard of care.
In a medical malpractice action, the requirements for an expert to testify in judgment of another health care provider's actions or inactions are defined by section 766.102, Florida Statutes (1991). Pursuant to this statute, experts are limited to those individuals who are "similar health care providers" and those individuals who are "not a similar health care provider" but "have sufficient training, experience and knowledge in a related field." A requirement, added by the 1985 amendments to the medical malpractice statute, is that the individual's training, experience or knowledge be a result of "active involvement in the practice or teaching of medicine" within the five years preceding the incident. § 766.102(2)(c)(2), Fla. Stat. (1991). The clear purpose of the subsection is to restrict experts who claim to possess expertise on the gamut of medical problems and specialties and to eliminate those experts who are no longer actively involved in medicine. The statute does not exclude a specialist in one field from testifying against a specialist in another field.[1]
Plaintiff contends Dr. Singer should have been permitted to testify as a "not similar health care provider." In Hernandez v. Virgin, 505 So.2d 1369 (Fla. 3d DCA 1987), the court held it was improper to exclude testimony of two anesthesiologists on the standard of care which should be exercised by an orthopedic surgeon in the operating room after a life-threatening emergency arose. In Wright v. Schulte, 441 So.2d 660 (Fla. 2d DCA 1983), rev. denied, 450 So.2d 488 (Fla. 1984), a pathologist with training in obstetrics and gynecology could testify as a "not similar health care provider" on the standard of care in an action against a surgeon in the performance of an abdominal hysterectomy even though he was not an operating surgeon. Despite impressive credentials, the trial court had excluded testimony on the basis that "a doctor who does not do surgery cannot be permitted to `sit in judgment' of a surgeon." Id. at 661. See also Mezrah v. Bevis, 593 So.2d 1214 (Fla. 2d DCA 1992) (pathologist properly permitted to testify that defendant breached the standard of care in a case against a gynecologist who failed to diagnose breast cancer).
Turning to this case, Dr. Singer is an oncologist. Oncology is the very specialty which deals with cancer, including diagnosis and treatment. The trial court based the decision to exclude Dr. Singer's testimony on standard of care because of his statement that the surgeon makes the ultimate decision on whether to do a biopsy. In context, this statement is one of professional courtesy and medical ethics. Obviously, no doctor can compel another to perform surgery. When referral is made from one specialty to the other, the question is not whether the referring doctor makes the decision on performing the procedure, but whether the referring doctor possesses the requisite training, experience and knowledge in a "given field of *609 medicine." § 766.102(2)(c)(2), Fla. Stat. (1991). In this case, the given field of medicine is breast cancer, not surgery in general. Dr. Singer is a specialist in cancer; the defendant doctor is a general surgeon.
Dr. Singer was qualified by training, education and experience in the diagnosis of breast cancer and possessed knowledge about the standards relating to when a biopsy should be performed, gained through experience, background and training. He has been actively involved as a cancer specialist within the past five years. This case did not involve a claim of negligent performance of a biopsy, which might involve different expertise inherent to a surgeon.[2] The trial court improperly excluded Dr. Singer's testimony concerning the issue of standard of care in failing to diagnose breast cancer, as well as his opinion on whether a biopsy was indicated.
Plaintiff raises other grounds on appeal which we reject. Since this case may be tried again, we will comment on plaintiff's contention that the trial court improperly excluded testimony concerning the standard of care as set forth in a bulletin. In plaintiff's case, plaintiff read parts of the depositions of defendant's witnesses and attempted to introduce testimony concerning the standard of care as set forth in the American College of Obstetricians and Gynecologists (ACOG) bulletin.
Under section 90.706, Florida Statutes (1991), authoritative publications can only be used during the cross-examination of an expert and not to bolster the credibility of an expert or to supplement an opinion of the doctor which has already been formed. Chorzelewski v. Drucker, 546 So.2d 1118 (Fla. 4th DCA 1989); Tallahassee Memorial Regional Medical Center v. Mitchell, 407 So.2d 601 (Fla. 1st DCA 1981). Section 90.706 does not allow statements in a learned treatise to be used as substantive evidence since the treatise is hearsay if it is offered as substantive evidence. See also Call v. Tirone, 522 So.2d 533 (Fla. 3d DCA 1988); Quarrel v. Minervini, 510 So.2d 977 (Fla. 3d DCA 1987), rev. denied, 519 So.2d 987 (Fla. 1988). The plaintiff made the defendant's experts his witnesses once Dr. Singer was not permitted to testify. As a result, the plaintiff could not question his own witnesses on the bulletin.
Accordingly, we reverse the directed verdict for the defendant and remand this cause for a new trial on plaintiff's survival action and wrongful death action.
REVERSED AND REMANDED.
HERSEY, J., and WALDEN, JAMES H., Senior Judge, concur.
BY ORDER OF THE COURT:
ORDERED that the order of December 15, 1993, denying attorneys' fees is withdrawn. Although appellant is the prevailing party in the appeal, appellant has not yet prevailed in the underlying litigation. Accordingly, it is
ORDERED that attorneys' fees are granted for this appeal, conditioned on appellant ultimately prevailing in the underlying litigation. The trial court is authorized to assess attorneys' fees for this appeal at the appropriate time.
NOTES
[1] A "similar health care provider" has been interpreted to include any specialist to whom the health care provider refers patients for treatment and diagnosis. Catron v. Bohn, 580 So.2d 814 (Fla. 2d DCA), rev. denied, 591 So.2d 183 (Fla. 1991). Therefore, in Catron, the court considered a neurosurgeon qualified to testify as a similar health care provider in a medical malpractice action against a chiropractor for failure to timely refer a patient with neck problems to a neurologist. The court noted that in any event the neurosurgeon could testify as a "not similar health care provider" in a "related field of medicine" pursuant to Florida Statute 766.102(2)(c)(2), since the neurosurgeon ultimately treats significant neck problems.
[2] The decedent had been referred to the defendant for an evaluation by her gynecologist because of a suspicious lump after complaints of soreness in the right breast. The defendant determined after an examination not to take any action but to have her return in three months. On the follow-up appointment, the lump was undisputedly present, and a biopsy performed at that time revealed a malignancy. The alleged negligence involved the inaction of the defendant at the initial visit.