937 So.2d 1116 (2006)
Marie WROY, Appellant,
v.
NORTH MIAMI MEDICAL CENTER, LTD., d/b/a Parkway Regional Medical Center, a Florida limited partnership, Robert J. Poppiti, Jr., M.D. and Mt. Sinai Medical Center of Florida, Inc., a Florida corporation, Appellees.
No. 3D05-1341.
District Court of Appeal of Florida, Third District.
June 21, 2006.
Rehearing Denied October 5, 2006.
Virginia S. Forbes; Lauri Waldman Ross, Miami, for appellant.
Wicker, Smith, O'Hara, McCoy, Graham & Ford, and Shelley H. Leinicke, Fort Lauderdale, for appellees, Robert J. Poppiti, Jr., M.D. and Mt. Sinai Medical Center of Florida, Inc.
Parenti, Falk, Waas, Hernandez Cortina, and Gail Leverett Parenti, Coral Gables, for appellee, North Miami Medical Center, Ltd. d/b/a Parkway Regional Medical Center.
Before COPE, C.J., and GERSTEN, and SHEPHERD, JJ.
*1117 GERSTEN, Judge.
Marie Wroy ("Wroy") appeals an adverse summary judgment entered in favor of North Miami Medical Center, d/b/a/ Parkway Regional Medical Center ("Parkway"), Dr. Robert J. Poppiti, Jr. ("Poppiti"), and Mt. Sinai Medical Center of Florida ("Mt. Sinai") (collectively "the defendants"). We affirm.
Parkway performed a routine mammogram on Wroy. The reporting radiologist recommended that Wroy obtain further imaging studies. However, Parkway neither provided the report to Wroy nor notified her of these findings.
Seventeen months later, Mt. Sinai conducted a routine mammogram on Wroy and discovered a nodular density in Wroy's left breast. Based on these results, Wroy underwent additional studies, and Poppiti diagnosed Wroy with invasive medullary breast cancer. Wroy underwent surgery and received radiation treatment. All of the cancer was removed, and Wroy has been cancer-free for the past three years.
Wroy received a second opinion and now claims that Poppiti misdiagnosed the type of cancer. Wroy alleges that she actually had a more aggressive cancer that required chemotherapy treatment.
Wroy sought damages against Parkway for failure to provide her with notice of an abnormal mammogram, which resulted in a seventeen-month delay in the diagnosis of breast cancer. Wroy also sought damages against Poppiti and Mt. Sinai for the misdiagnosis and incorrect treatment of her cancer.
Thereafter, the defendants moved for summary judgment on the issue of causation. The trial court granted partial summary judgment in favor of the defendants, finding there was no causal relationship between the alleged negligence and the damages Wroy claimed.
Wroy appeals contending the trial court erred in granting summary judgment claiming the existence of material facts foreclose summary judgment. After reviewing the record, however, we conclude the trial court properly entered summary judgment in favor of the defendants.
To prevail in a medical malpractice case, the plaintiff must establish: (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached that duty of care; and (3) that the breach of care proximately caused the injuries the plaintiff claims and that damages are owed. Gooding v. Univ. Hosp. Bldg., Inc., 445 So.2d 1015 (Fla.1984); Miller v. Foster, 686 So.2d 783 (Fla. 4th DCA 1997). The concern in this case is the proximate cause issue.
In Gooding, the Florida Supreme Court acknowledged that Florida courts follow the "more likely than not" standard of causation and require proof that the negligence probably caused the plaintiff's injuries. Gooding, 445 So.2d at 1018. In other words, the plaintiff must show that there is a 51% or more likelihood that the defendant's negligence caused the plaintiff's injuries. Gooding, 445 So.2d at 1020. Applying this standard to the instant case, we agree with the trial court that there is no causal relationship between the alleged negligence and any damages to Wroy.
The defendants presented evidence that there was no increase in the size of Wroy's tumor from the time of her first mammogram, to Poppiti's later diagnosis of breast cancer. They also presented evidence that the physicians would have proceeded with the same treatment if they had discovered the cancer at the earlier mammogram. Further, the physicians agreed that Wroy has a 90-95% chance of survival, and even if she did have the more aggressive cancer, *1118 Wroy still has an 88% chance of survival.
In opposition to the motion for summary judgment, Wroy presented pre-suit doctor affidavits claiming that the defendants' conduct caused a delay in her diagnosis and a decreased chance of surviving breast cancer. However, even assuming these affidavits are valid, they do not create a material issue of fact. They do not establish a "more likely than not" chance of a decrease in Wroy's chance of survival or reoccurrence of cancer. See Sweet v. Sheehan, 932 So.2d 365 (Fla. 2006); Holl v. Talcott, 191 So.2d 40 (Fla.1966)(expert's opinions were nothing more than naked assertions unsupported by an expert medical explanation of its basis or the reason it was reached); cf. Swain v. Curry, 595 So.2d 168 (Fla. 1st DCA 1992)(experts' testimony established material facts at issue, where testimony conflicted as to the type of treatment patient would have received if cancer was diagnosed at an earlier time, and established the patient has a "more likely than not" 65% chance of reoccurrence of cancer based on negligent diagnosis of breast cancer).
Wroy did not submit any evidence that the defendants' failure to immediately diagnose Wroy's breast cancer decreased her life expectancy. See Mezrah v. Bevis, 593 So.2d 1214 (Fla. 2d DCA 1992); Noor v. Cont'l Cas. Co., 508 So.2d 363 (Fla. 2d DCA 1987). Even assuming the defendants were negligent, Wroy has not shown any damages. At this point, all the damages Wroy seeks are speculative based on the possibility that the cancer may reoccur in the future. A mere possibility of future causation is not enough, and when the matter is purely speculative, the court has a duty to direct a verdict for the defendant. Gooding, 445 So.2d at 1018.
We understand that Wroy would rather have been diagnosed at the earlier mammogram, and that she is concerned about whether she received the correct treatment. However, Wroy failed to present any evidence that the defendants' conduct resulted in a "more likely than not" chance of reoccurrence of the breast cancer or that because of the defendants' alleged negligence, Wroy suffered any injury.
Wroy is currently cancer-free. She has no evidence of metastasis and has gone three years without a reoccurrence. Every year that Wroy remains cancer-free increases her survival chances.
Accordingly, we affirm the trial court's order granting summary judgment because Wroy has not shown the defendants' alleged negligence "more likely than not" resulted in any injuries. Ewing v. Sellinger, 758 So.2d 1196 (Fla. 4th DCA 2000); Noor, 508 So.2d at 365.
Affirmed.