STEVENSON, J.
 

 D.E.W. appeals the trial court’s entry of final summary judgment in favor of Neal F. Krouse, D.O. We affirm because D.E.W. did not have a cause of action for medical malpractice based on a breach of confidentiality where there was no evidence of any disclosure.
 

 The facts are recounted in the light most favorable to D.E.W., the non-moving party. D.E.W., who is HIV positive, was admitted to the hospital for treatment of a kidney infection. Her mother brought D.E.W.’s two minor daughters, who were unaware of D.E.W.’s HIV-positive status, for a visit. While the family members were in the room, Dr. Krouse entered and asked if D.E.W. was taking any medication for her AIDS. D.E.W. filed a complaint against Krouse, alleging medical malpractice
 
 [1]
 
 based on Krouse’s improper disclosure and seeking damages for her mental anguish and emotional distress. Thereafter, D.E.W. filed a motion for a protective order to prevent her daughters from being deposed in the lawsuit, explaining that her daughters “do not know that Plaintiff is, in fact, HIV positive.” Krouse sought summary judgment, arguing that D.E.W. could not demonstrate causation or damages because she could not prove that her daughters heard the statements and they did not think their mother was HIV positive. The trial court granted the motion and entered a final judgment in favor of Krouse.
 

 In order to prevail in a medical malpractice action, a plaintiff must demon-
 

 strate that: (1) a doctor owed the plaintiff a duty of care; (2) the doctor breached the duty of care; and (3) the breach proximately caused injuries and damages are owed.
 
 Wroy v. N. Miami Med. Ctr., Ltd.,
 
 937 So.2d 1116, 1117 (Fla. 3d DCA 2006) (citing
 
 Gooding v. Univ. Hosp. Bldg., Inc.,
 
 445 So.2d 1015 (Fla.1984)). Generally, the impact rule requires that “ ‘before a plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress suffered must flow from physical injuries the plaintiff sustained in an impact.’ ”
 
 Fla. Dep’t of
 
 Com
 
 v. Abril,
 
 969 So.2d 201, 206 (Fla.2007) (quoting
 
 R.J. v. Humana of Fla., Inc.,
 
 652 So.2d 360, 362 (Fla.1995)). There are, however, “limited exceptions in extraordinary circumstances.”
 
 Woodard v. Jupiter Christian Sch., Inc.,
 
 913 So.2d 1188, 1190 (Fla. 4th DCA 2005).
 

 For example, in
 
 Gracey v. Eaker,
 
 837 So.2d 348, 351 (Fla.2002), a psychotherapist was individually counseling a husband and wife and revealed each spouse’s private information to the other spouse. Our Supreme Court held that the Graceys “presented a cognizable claim for recovery of emotional damages under the theory that there has been a breach of fiduciary duty arising from the very special psychotherapist-patient confidential relationship.”
 
 Id.
 
 at 352. Similarly, in
 
 Abril,
 
 a nurse for the Department of Corrections took an HIV test, and the results, reflecting a false positive, were faxed to an unsecured fax machine at the Department, resulting in a number of fellow employees learning this private information. 969 So.2d at 203. Because the only reasonable damages resulting from the lab’s breach of its duty of confidentiality were emotional distress, our Supreme Court held that “an exception to
 
 *322
 
 the impact rule should be made when a laboratory or other health care provider is negligent in failing to keep confidential the results of an HIV test.”
 
 Id.
 
 at 208.
 

 Here, we need not decide whether the instant cause of action fits within either the
 
 Gracey
 
 or
 
 Abril
 
 exceptions to the impact rule because the record is devoid of any evidence that D.E.W.’s daughters heard what Krouse said. Due to the existence of the protective order, D.E.W. cannot prove an actual disclosure of her medical condition, and whether we consider this deficiency a failure to establish liability or to prove damages, there is no genuine issue of material fact and we must affirm the summary judgment. We also conclude that the trial court did not abuse its discretion in denying D.E.W.’s motion to again amend her complaint.
 

 Affirmed.
 

 HAZOURI and GERBER, JJ., concur.
 

 [1]
 

 . D.E.W.'s third amended complaint initially included counts for medical malpractice, invasion of privacy, and negligence, but she voluntarily dismissed the invasion of privacy and negligence counts.