316 So.2d 567 (1975)
SEABOARD COAST LINE RAILROAD COMPANY, a Railroad Corporation, Appellant,
v.
WIESENFELD WAREHOUSE COMPANY, a Division of United States Trucking Corporation, a New York Corporation, and Insurance Company of North America, a Corporation, Appellees.
No. W-128.
District Court of Appeal of Florida, First District.
July 17, 1975.
Rehearing Denied August 18, 1975.
*568 J. Edwin Gay, of Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for appellant.
William M. Howell, of Howell, Kirby, Montgomery, D'Aiuto & Dean, and Milam & Wilbur, Jacksonville, for appellees.
PER CURIAM.
Charles E. Miller, an employee of appellant, was injured when he stepped in a hole on the property of Wiesenfeld Warehouse Company, one of the appellees herein. Mr. Miller brought suit against appellant and received a $250,000 judgment, which appellant has paid. Appellant subsequently initiated this action, claiming that Wiesenfeld and its insurer, Insurance Company of North America, were liable to it for all or part of the $250,000 which it was required to pay. From the judgment entered upon the jury verdict in favor of appellees Wiesenfeld and Insurance Company of North America, appellant has perfected this appeal.
Appellant asserts that the trial judge committed reversible error when he impliedly accused appellant's counsel of wrongdoing in the presence of the jury. The incident occurred when appellant's counsel moved the podium approximately two feet closer to the jury box during voir dire examination. A reading of the record reveals that counsel had been having difficulty hearing and understanding the responses of the prospective jurors to his and opposing counsel's questions. Upon noticing the movement of the podium, the trial judge initiated the following exchange:
"The Court: You'll have to come right back to the stand. You may could, but we can't. I will have the jury 
"Mr. Gay: All right.
"The Court: If you are going to talk confidentially, then 
"Mr. Gay: I am not trying to do that, your honor. I am getting deaf.
"The Court: Get you a hearing aid."
*569 In his conduct of the trial, the presiding judge must make every effort to remain fair and impartial. (Skelton v. Beall, Fla.App.3rd 1961, 133 So.2d 477) Inasmuch as the trial judge has, or at least should have, the absolute confidence and respect of the jury, he should be extremely careful in his remarks and actions to insure that nothing he says or does might be construed by the jury as being either critical of an attorney or of the attorney's case. A remark which appears to impute unethical conduct to a lawyer lowers the esteem of the lawyer before the jury and consequently prejudices the client's cause. (Giglio v. Valdez, Fla.App.2nd 1959, 114 So.2d 305) In most cases, when the trial judge believes that an attorney has acted improperly, any remarks to be made or any disciplinary matters or criticism to be taken during the conduct of the trial should be done privately at the side bar out of the hearing of the jury or else the jury should be excused. Sub judice, the trial judge implied that the appellant's counsel was acting improperly, attempting to get "confidential" with the jury. This action by the trial court in the presence of the jury, although perhaps intended as jest, nevertheless constitutes reversible error, requiring a new trial.
Appellant has also contended that the trial court erred in determining that a certain section of the contract between appellant and appellee Wiesenfeld was not applicable to the cause at hand. The section in question, Section 7(b) of the contract, reads as follows:
"Notwithstanding any other provision herein contained, the Industry shall and does hereby expressly assume and agree to indemnify and hold harmless the Railroad from and against all loss and damage, costs, expenses, including attorneys' fees, claims, suits and judgments whatsoever arising from or growing out of any injuries, loss or damage caused by or contributed to by the failure of the Industry, its employees, agents or licensees, (i) to comply with the provisions of this Article 7, or (ii) to keep the right of way of said sidetrack free and clear of all commodities, rubbish, trash or other objects which may be hazardous or dangerous to those engaged in the operation of the Railroad."
Specifically, appellant urges that the trial court was in error when he held that a hole would not constitute commodities, rubbish, trash or other objects. We are of the view that the lower court was correct in finding that a "hole" was not an "object", at least within the context of the contract sub judice. We note initially that words and phrases used in contracts should normally be given their natural meaning. (7 Fla.Jur., "Contracts", § 88) In its normal meaning, the word "object" does not encompass the word "hole" within its definition. Further, the word "object" needs to be interpreted in light of the phrase within which it is used. Here, the pertinent phrase is "commodities, rubbish, trash or other objects." It is difficult for us to consider a "hole" as being another "object" in the same category as "commodities, rubbish, or trash". We, therefore, reject appellant's argument under this point.
Affirmed in part and reversed in part, and remanded for a new trial.
It is so ordered.
BOYER, C.J., MILLS, J., and MELVIN, WOODROW M., Associate Judge, concur.