326 So.2d 211 (1976)
Walter ABRAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 75-589.
District Court of Appeal of Florida, Fourth District.
February 6, 1976.
*212 Richard L. Jorandby, Public Defender, and Maxine E. Reynolds, Special Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., West Palm Beach, for appellee.
WALDEN, Chief Judge.
Defendant appeals his conviction of robbery. On appeal he urges that the trial judge committed reversible error due to his inadvertent prejudicial conduct. We agree and reverse.
The conduct in question occurred after the first day of testimony in the presence of the jury. After the state's key witness (and victim of the crime) finished testifying, she went up to the Bench and shook hands with the judge and visited with him and they engaged in conversation. As the judge later stated, he and his family had known the witness for years. The defendant moved for a mistrial which was denied.
It is incumbent upon all judges to avoid any comments or conduct which convey expressly or inferentially his opinion of the weight, character or credibility of any evidence adduced; as the court in Lester v. State, 37 Fla. 382, 20 So. 232 (1896) admonishes:
"... great care should always be observed by the judge to avoid the use of any remark in the hearing of the jury that is capable, directly or indirectly, expressly, inferentially, or by innuendo, of conveying any intimation as to what view he takes of the case, or that intimates his opinion as to the weight, character or credibility of any evidence adduced. All matters of fact, and all testimony adduced, should be left to the deliberate, independent, voluntary, and unbiased judgment of the jury, wholly uninfluenced by any instruction, remarks or intimation, either in express terms or by inuendo from the judge, from which his view of such matters may be discerned. Any other course deprives the accused of his right to trial by jury, and is erroneous." Id. 20 So. at 234.
see Hunter v. State, 314 So.2d 174 (4th DCA Fla. 1975).
From the judge's shaking hands and conversing with the state's witness, the jury could most reasonably infer that he believed her to be a very credible, honest witness. This inadvertent conduct was prejudicial to the defendant, especially in view of the fact that this was the state's key witness. See Robinson v. State, 161 So.2d 578 (3rd DCA Fla. 1964).
We, therefore, reverse defendant's conviction and remand for a new trial.
Reversed and remanded.
OWEN, J., concurs.
DOWNEY, J., dissents, with opinion.
DOWNEY, Judge (dissenting).
Unquestionably a trial judge must be circumspect in what he says and does in the presence of the jury. And while undue recognition of certain witnesses in the presence of the jury should be avoided, I am not convinced that reversible error was committed in the trial of this case. On the contrary, the totality of the evidence convinces me that the judicial conduct complained of was at most harmless error.