483 So.2d 473 (1986)
Daniel WHITENIGHT and Concetta Whitenight, His Wife, Appellants,
v.
INTERNATIONAL PATROL AND DETECTIVE AGENCY, INC., Appellee.
No. 85-1370.
District Court of Appeal of Florida, Third District.
February 11, 1986.
Rehearing Denied March 14, 1986.
*474 Keyfetz, Poses & Halpern and L. Barry Keyfetz, Miami, for appellants.
Fertig & Gramling and Frank Gramling, Fort Lauderdale, for appellee.
Before HUBBART, NESBITT and FERGUSON, JJ.
PER CURIAM.
The Whitenights appeal a final judgment for International Patrol and Detective Agency, Inc. (International) in a tort action. We reverse.
Daniel Whitenight was shot during the attempted robbery of an Eagle Family Discount Store (Eagle Discount). The perpetrator had apparently attempted to rob a Chicken Unlimited near Eagle Discount on the same day, but abandoned the attempt when he saw an employee calling the police.
The Whitenights sued International for damages, their primary theory being that International was negligent in failing to provide a properly trained and uniformed security guard. The plaintiffs alleged that a uniformed guard would have provided a deterrent to the crime committed and prevented the shooting and injury.
During testimony about the deterrent effect of a uniform, the judge asked a witness: "That is a deterrent, that tie?" and the witness responded affirmatively. When testimony regarding the attempted robbery of the Chicken Unlimited was presented, apparently to demonstrate that the perpetrator committed crimes of opportunity from which he was easily deterred, the trial judge characterized the evidence, in front of the jury, as ridiculous. He also said, regarding the same evidence, "What difference does it make? Big deal." During a bench conference regarding the evidence and the judge's comments, plaintiff's counsel was told by the judge that he was wasting the court's and the jury's time. At least one juror overheard some portion of that conversation.
The plaintiffs' motion for mistrial was denied, but the court gave the following curative instruction with regard to his comment on a portion of the evidence relating to the Chicken Unlimited incident:
I point out to the jury that I may have used some words, I don't know if I did or not, "That is ridiculous, there is no reason to put that in."
It is my opinion. It had nothing to do with the case. We were talking about the picture itself. Whether the Chicken [sic] place was one block or three blocks away, to me it was ridiculous. It has nothing to do with the case at all. I do not want you to be influenced by that at all.
The jury returned a verdict for the defendant. The Whitenights' motion for new trial was denied.
*475 The Whitenights contend that the trial judge's comments, and the attempt to cure them, prejudiced the plaintiffs' case and warrants reversal. We agree.
The status of a judge in the eyes of jurors results in his remarks having great influence upon them. See Seaboard Coast Line Railroad v. Wiesenfeld Warehouse Co., 316 So.2d 567 (Fla. 1st DCA 1975). As a result, inappropriate, confusing or misleading comments on the evidence or a party's theory of the case can often lead a jury to erroneous conclusions. Gendzier v. Bielecki, 97 So.2d 604 (Fla. 1957). There can be no question that the judge's comments in this case characterized the Whitenights' theory and evidence in a bad light. Moreover, the attempt to cure that characterization compounded the error. The curative instruction could easily have been understood by the jury as an instruction that they not be influenced by the Whitenights' evidence, as opposed to the judge's comments. The prejudicial comments, and the ambiguous and equally damaging attempt to cure, require reversal. Gendzier; Seaboard Coast Line Railroad; see also Carr v. Crosby Builders Supply Co., 283 So.2d 60 (Fla. 4th DCA 1973). Accordingly, the cause is reversed and remanded for a new trial.
Reversed and remanded.