547 So.2d 347 (1989)
Carlos REYES, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-923.
District Court of Appeal of Florida, Third District.
August 15, 1989.
Bennett H. Brummer, Public Defender, and Clayton R. Kaeiser, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Ivy R. Ginsberg, Asst. Atty. Gen., for appellee.
Before NESBITT, BASKIN and COPE, JJ.
PER CURIAM.
Carlos Reyes appeals his conviction for lewd assault and sexual battery. Reyes alleges the trial court's comments deprived him of a fair trial. We reverse.
"Great care should always be observed by the judge to avoid the use of any remark in the hearing of the jury that is capable, directly or indirectly, expressly, inferentially, or by innuendo, of conveying any intimation as to what view he takes of the case, or that intimates his opinion as to the weight, character, or credibility of any evidence adduced." Lester v. State, 37 Fla. 382, 387-88, 20 So. 232, 234 (Fla. 1896); Peek v. State, 488 So.2d 52 (Fla. 1986); Whitenight v. Int'l Patrol & Detective Agency, Inc., 483 So.2d 473 (Fla. 3d DCA), review denied, 492 So.2d 1333 (Fla. 1986); Keane v. State, 357 So.2d 457 (Fla. 4th DCA 1978); Abrams v. State, 326 So.2d 211 (Fla. 4th DCA 1976). In the case before us, the trial judge departed from his impartial role and commented on the testimony *348 of witnesses. The court's comments were especially damaging because the outcome of the case depended on the credibility of the witnesses. Thus, we hold that the curative instruction did not prevent the trial court's comments from depriving Reyes of a fair trial.
Our resolution of this issue makes it unnecessary for us to reach the remaining points on appeal.
Reversed and remanded for a new trial.