HARRIS, Chief Judge.
Marvin W. Stone was convicted of committing an attempted lewd act upon a child and of committing a lewd act in the presence of a child. He appeals; we reverse.
The principal witness for the state was the alleged victim, an eight-year-old boy. On cross-examination, the youth made a number of statements which were inconsistent with his testimony on direct. The court permitted redirect and recross two additional times and the young man’s testimony continued to change depending on which attorney asked the questions.[1]
Finally, in frustration, the trial court took over the questioning.
THE COURT: Look, look ... are you nervous?
WITNESS: (Witness nods head in the affirmative).
THE COURT: Are you scared?
WITNESS: (Witness nods head in the affirmative).
THE COURT: Why are you scared?
WITNESS: (Shrugged shoulders).
THE COURT: Is there anything to be afraid of?
WITNESS: (Shakes head negatively).
THE COURT: [N]obody wants you to make up stories.
The only thing we want from you is the truth. And if you tell the truth, there should not be anything to be afraid of. Now, if they are not asking you the questions so that you understand them, tell them to state it so that you do understand it.
If you think they are talking about a different time than what you want to talk about, then tell them are you talking about then or here or now or what? But if you don’t understand something about the question, you make them be specific. But there is nothing to be afraid of. And all we want is the truth. Do you know the truth?
WITNESS: (Witness nods head in the affirmative).
THE COURT: Can you just tell us the truth?
WITNESS: (Witness nods head in the affirmative).
THE COURT: Do you think you are giving different answers?
WITNESS: (Witness nods head in the affirmative).
THE COURT: Is there an answer for that?
WITNESS: (Nodding no.)
THE COURT: Are you giving different answers?
WITNESS: (Witness nods head in the affirmative).
THE COURT: I don’t know what you are afraid of.

PROSECUTOR: Are you afraid of Marvin Stone?

WITNESS: (Witness nods head in the affirmative).

DEFENSE: Objection, Your Honor. She is not even asking the questions.

PROSECUTOR: The Judge says what are you afraid of, and he looks right at him.

At this point, defense counsel moved for a mistrial, complaining that the prosecutor had asked and answered the question, “Are you afraid of Marvin Stone?” on the youth’s behalf. The court summarily denied the motion.
In Florida, a prosecutor is not permitted to express his or her personal beliefs during trial. State v. Ramos, 579 So.2d 360 (Fla. 4th DCA 1991). Here, both the prose *297 cutor’s question and her comment showed that she thought that the youth was afraid of Stone. Moreover, the comment was improper because it was an attempt by the prosecutor to “transform [her] own ... courtroom observation into an evidentiary fact.” Courson v. State, 414 So.2d 207, 208 (Fla. 3d DCA 1982). This impropriety was exacerbated by the judge’s previous comment, “I don’t know what you are afraid of.” This amounted to an improper comment by the judge concerning the witness’s credibility. Reyes v. State, 547 So.2d 347 (Fla. 3d DCA 1989). It is suggested that if a trial court wishes to address a witness on any substantive issue during testimony, that the jury be removed. As the court observed in Reyes (quoting from Lester v. State, 37 Fla. 382, 387-88, 20 So. 232, 234 (1896)):
Great care should always be observed by the judge to avoid the use of any remark in the hearing of the jury that is capable directly or indirectly, expressly or inferentially, or by innuendo, of conveying any information as to what view he takes of the case, or that intimates his opinion as to the weight, character or credibility of any evidence adduced.
We find that this error was not harmless and reverse and remand for a new trial.
REVERSED and REMANDED.
GOSHORN and DIAMANTIS, JJ., concur.

. This is true even though the court permitted a ten minute recess during which the prosecutor was permitted to go over the witness's earlier testimony and earlier statements with him. We are particularly concerned that the prosecutor was given the opportunity to review the testimony of this witness during the period of his testimony when the witness's ability to independently recall and recount his testimony was so clearly put in doubt by cross-examination. This procedure, under the facts of this case, seems to have adversely affected the right of the accused to a "full and fair cross-examination.” But see Kingery v. State, 523 So.2d 1199 (Fla. 1st DCA 1988).