PER CURIAM.
The State of Florida (“the State”) appeals the trial court’s final judgment finding that John Fullwood (“Fullwood”) was not a sexually violent predator in need of involuntary civil commitment under section 394.910, Florida Statutes (2006). We reverse.
A jury convicted Fullwood of three separate counts of sexual battery, and the trial court sentenced him to 15 years in prison. Before completing his sentence, the State sought to declare Fullwood a sexually violent predator and involuntarily commit him under section 394.910.
In a pretrial motion, the State sought to exclude testimony from Fullwood’s expert witness, which relied on results from a penile plethysmograph test (“PPG”). The State argued that any testimony relating to the PPG test was inadmissible for use at trial. At the hearing, the trial judge reserved ruling on the admissibility of this evidence pending his review of another judge’s order on the same issue. The trial judge later ruled that the PPG was not new and novel science and therefore not subject to Frye[1] analysis.
At trial, the trial judge allowed substantial testimony on the PPG results and its likelihood to predict Fullwood’s propensity to commit another sexually violent offense. Further, the trial judge directly questioned the State’s expert about his opinion.
The jury was unable to return a unanimous verdict. The trial judge polled the jurors to learn that four jurors were unable to find that Fullwood was a sexually violent predator, and two jurors determined that he was in need of involuntary commitment. Since a majority of the jury would not find Fullwood a sexually violent predator, the trial judge determined that Fullwood was not a sexually violent predator in need of involuntary civil commitment and released him. This appeal followed.
The State asserts that the trial judge erred in failing to conduct a Frye hearing on the PPG evidence. The State also contends that the trial judge erred in questioning the State’s expert witness during direct examination and attacking his credibility. On the other hand, Fullwood asserts that the trial judge properly determined that the PPG evidence was not new and novel evidence and not subject to Frye analysis. Fullwood also contends that the trial judge did not err in questioning the witness because a trial judge has the right to clarify a witness’s opinion during direct examination. We agree with Fullwood on the Frye issue and with the State on the judge’s questioning issue.
First, the trial judge did not err in determining the admissibility of the PPG evidence. A Frye hearing is only *657 necessary to determine whether scientific evidence is new and novel. See Frye v. United States, 293 F. 1013 (D.C. Cir.1923). At the hearing, the trial judge stated that he would review the ruling in another case dealing with the same issue and adopt it. One week later, the trial judge denied the State’s motion to exclude the PPG evidence, finding that the PPG test is not new and novel science and therefore not subject to Frye analysis. Thus, we find that the trial judge conducted a sufficient inquiry.
Because a new trial is required, we turn next to the second issue. A trial judge departs from his or her impartial role when he or she comments on the testimony of a witness. See Reyes v. State, 547 So.2d 347 (Fla. 3d DCA 1989). This Court addressed the importance of a trial judge’s impartiality when it stated:
Great care should always be observed by the judge to avoid the use of any remark in the hearing of the jury that is capable, directly or indirectly, expressly, inferentially, or by innuendo, of conveying any information as to what view he takes of the case, or that intimates his opinion as to the weight, character, or credibility of any evidence adduced.
Reyes, 547 So.2d at 347 (quoting Lester v. State, 37 Fla. 382, 387-88, 20 So. 232 (Fla.1896)).
Further, it is fundamental error for a trial court to improperly comment on the credibility of a witness. See Jacques v. State, 883 So.2d 902, 906 (Fla. 4th DCA 2004). Fundamental error can be considered on appeal even without proper objection or preservation in the lower court because it goes to the foundation of the case. See Jacques, 883 So.2d at 906.
Here, the State was examining its expei’t witness about various incidents that led to Fullwood’s prior convictions. The State asked the expert if Fullwood admitted to the acts underlying the convictions. Defense counsel objected, claiming improper impeachment. The pertinent dialogue followed:
THE COURT: The question being asked, is what he just read an admission that what he alleged to have done he did, am I correct?
[THE STATE]: Yes, Judge.
THE COURT: You can answer.
THE WITNESS: No, not even close.
[THE STATE]: What’s different about it?
[THE WITNESS]: He’s concocted this story about how they have arranged to have sex, how there’s an understanding, there’s a relationship—
[DEFENSE]: Your Honor—
THE COURT: That he concocted? You know what happened? You were sitting there watching what happened in that house?
THE WITNESS: No.
THE COURT: Then?
THE WITNESS: He has a different story for everyone.
THE COURT: That’s not what I asked you. You said he concocted, which means that you saw what happened and therefore denied what his version is and what the victim’s version is correct, and his version’s incorrect, is that what you’re saying?
THE WITNESS: Yes, that’s my opinion.
THE COURT: Because you know that?
THE WITNESS: That’s my opinion.
THE COURT: Based on what? You weren’t asked your opinion. You were asked which is correct, which means you know which is correct, and you don’t, do you? You can guess. You have an *658 opinion, but that doesn’t mean you’re right.
THE WITNESS: May I respond?
THE COURT: Sure. I think the question calls for a yes or a no.
THE WITNESS: The question was, was that an admission of the events of the offense, and when I see the various versions that Mr. Fullwood has given to various interviewers, then—
THE COURT: If that — that was the question, that called for a yes or no, not a conclusion that was concocted.
We find that the trial judge’s comments clearly expressed his view as to the credibility of the witness. Therefore, the trial judge departed from his impartial role when he made these comments.
Accordingly, we reverse and remand for a new trial.
Reversed and remanded.

. Frye v. United States, 293 F. 1013 (D.C. Cir.1923).