[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13800
Non-Argument Calendar

_____

D.C. Docket No. 1:10-cv-24243-MGC

RONALD SEARCY,

Petitioner-Appellant,

versus

FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 9, 2012)

Before TJOFLAT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Ronald Searcy, a pro se Florida prisoner serving a 15-year sentence for

convictions for tampering with evidence, resisting an officer with violence, and

fleeing or attempting to elude a police officer, appeals the district court's denial of his 28 U.S.C. § 2254 federal habeas petition.  On appeal, Searcy raises various counsel-related claims that he argues were improperly rejected by the state courts: (1) he was denied his right to counsel at a "critical stage" of his criminal proceeding; (2) he received ineffective assistance of appellate counsel because appellate counsel did not argue on appeal that his counsel at the evidentiary hearing should have moved to have trial counsel's phone records admitted, that the trial judge made improper comments about trial counsel's testimony, that the transcript was incomplete, or that the trial court failed to make a pronouncement of guilt at a August 25, 2008 hearing; (3) he received ineffective assistance of trial counsel because trial counsel did not communicate with Searcy about a proper defense and did not investigate or call Federico Wilson to testify at trial; (4) the trial court fundamentally erred in denying trial counsel's motion to withdraw based on a pending bar complaint; and (5) he was denied his right to counsel post-trial by trial counsel, who should have represented him until after a notice of appeal was filed or the time to file a notice of appeal had passed.  After careful review, we affirm.[1]

---

[1] In addition, Appellee's "Motion to Review Certificate of Appealability and/or Vacate the Certificate of Appealability or Dismiss this Appeal on the Ground that the Certificate of Appealability was Improvidently Granted" is DENIED.  Appellee's "Motion to Exceed Page Limitations under Federal Rule of Appellate Procedure 27(d)(2)" is GRANTED.  Appellant's "Motion to Strike the Respondent Motion to Exceed Limitation under Federal Rule of Appellate Procedure Rule 27(d)(2) and Motion to Review Certificate of Appealability" is DENIED.

We review de novo a district court's grant or denial of a habeas corpus petition. Ward v. Hall, 592 F.3d 1144, 1155 (11th Cir.), cert. denied, 131 S.Ct. 647 (2010). The district court's factual findings are reviewed for clear error, while mixed questions of law and fact are reviewed de novo. Id.

If a state court has adjudicated a claim on the merits, then federal courts are precluded from granting habeas relief on those claims, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] summary adjudication -- a state court decision denying a petitioner's claim without an accompanying statement of reasons -- is an adjudication on the merits." Childers v. Floyd, 642 F.3d 953, 968 (11th Cir. 2011) (en banc), petition for cert. filed, (U.S. Jul. 6, 2011) (No. 11-42).

"[C]learly established Federal law" refers to Supreme Court holdings that were in effect at the time of the relevant state court decision. Ward, 592 F.3d at 1155. Under the "contrary to" clause, federal habeas relief may be granted if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on

3

a set of materially indistinguishable facts.  Borden v. Allen, 646 F.3d 785, 817 (11th Cir. 2011), cert. denied, (U.S. Apr. 16, 2012) (No. 11-8303, 11A489).  Thus, where the law at the time was unclear as to an issue, a habeas petitioner will be unable to demonstrate that it was "clearly established."  See Anderson v. Sec'y for Dep't of Corr., 462 F.3d 1319, 1327 (11th Cir. 2007).

The "unreasonable application[ ] of clearly established Federal law" clause within § 2254(d)(1) permits federal habeas relief if the state court correctly identified the governing legal principle from Supreme Court precedent but unreasonably applied that principle to the facts of petitioner's case.  Borden, 646 F.3d at 817.  A federal court may grant relief when a state court has misapplied a governing legal principle to a set of facts different from those of the case in which the principle was announced. Id.  For a federal habeas court to find a state court's application of Supreme Court precedent "unreasonable," the state court's adjudication must have been "objectively unreasonable," rather than merely "incorrect or erroneous."  Id.   "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." Id. (quoting Harrington v. Richter, 131 S.Ct. 770, 786 (2011)).

First, we are unpersuaded by Searcy's claim that the state courts' denial of his right to counsel at a "critical stage" of his criminal proceeding was contrary to or an

4

unreasonable application of federal law.  The Sixth Amendment provides that in all criminal prosecutions, "the accused shall enjoy the right . . . to have the Assistance of Counsel for his defen[s]e."  U.S. Const. amend. VI.  The right to counsel attaches in a criminal prosecution after the initiation of adversarial judicial proceedings.  Kirby v. Illinois, 406 U.S. 682, 689-90 (1972).  As the Supreme Court has explained, once attachment occurs, the accused is entitled to counsel during any "critical stage" of the post-attachment proceedings, and "what makes a stage critical is what shows the need for counsel's presence."  Rothgery v. Gillespie County, 554 U.S. 191, 212 (2008).

Supreme Court precedents "have defined critical stages as proceedings between an individual and agents of the State (whether 'formal or informal, in court or out,' . . .) that amount to 'trial-like confrontations,' at which counsel would help the accused 'in coping with legal problems or . . . meeting his adversary.'"  Id. at 212 n.16 (internal citations omitted).  "Even though the defendant has no substantive right to a particular sentence within the range authorized by statute, the sentencing is a critical stage of the criminal proceeding at which he is entitled to the effective assistance of counsel."  Gardner v. Florida, 430 U.S. 349, 358 (1977) (citing Mempa v. Rhay, 389 U.S. 128 (1967)).

5

In Mempa, the Supreme Court determined that indigent defendants were entitled to the representation of counsel at probation revocation proceedings at which a recommendation was to be made about the length of sentence to be imposed as a result of the violation. 389 U.S. at 135-37. Counsel's assistance was necessary to establishing the facts of the probation violation, introducing evidence of mitigating circumstances, and generally aiding and assisting the defendant in presenting his case as to the appropriate sentence. Id. at 135. In Gagnon v. Scarpelli, 411 U.S. 778 (1973), the Supreme Court distinguished Mempa because the probation revocation sentence to be served in the event of a violation had been established at the time of trial. Id. at 779-81.

Here, the Florida courts' decision that Searcy's December 14, 2005 hearing -- when the trial judge was to decide whether he was to be sentenced to 364 days' or 15 years' based on an alleged violation of the conditions of his 30-day furlough -- was not a critical stage in his criminal proceedings was not contrary to or an unreasonable application of clearly established federal law. As the record shows, Searcy was sentenced by the trial court at his plea hearing on November 14, 2005, when the court sentenced Searcy to the maximum penalty after Searcy requested a 30-day furlough, and thoroughly explained to Searcy that, if he complied with the three conditions of his furlough, his sentence would be mitigated to 364 days' imprisonment. As a

6

result, the Florida courts reasonably concluded that the December hearing was a surrender hearing, not a sentencing hearing, especially since, based on a review of the December 14, 2005 transcript, the December hearing did not "amount to 'trial-like confrontations,' at which counsel would [have] help[ed] the accused 'in coping with legal problems or . . . meeting his adversary.'" See Rothgery, 554 U.S. at 212 n.16. Further, we have not located any Supreme Court precedent holding that a surrender hearing is a critical stage in the criminal proceedings that requires the representation of counsel. Thus, the Florida courts' conclusion that the December 2005 surrender hearing was not a critical stage cannot be held to be contrary to or an unreasonable application of clearly established federal law within the meaning of § 2254(d)(1).

Next, we find no merit to Searcy's ineffective-assistance-of-counsel claims. In Strickland v. Washington, the Supreme Court set out a two-part inquiry for ineffectiveness claims:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. 668, 687 (1984). A habeas petitioner claiming ineffective assistance of counsel must succeed on both prongs of the Strickland test. Johnson v. Alabama, 256

7

F.3d 1156, 1176 (11th Cir. 2001).  If the defendant makes an insufficient showing on the prejudice prong, the court need not address the performance prong, and vice versa.  Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000).

Prejudice is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.  A reasonable probability is one sufficient to undermine confidence in the outcome.  Id.  "It is not enough for the defendant to show that the error[ ] had some conceivable effect on the outcome of the proceeding."  Id. at 693.

Claims of ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel under Strickland. See Heath v. Jones, 941 F.2d 1126, 1130 (11th Cir. 1991).  In assessing an appellate attorney's performance, we are mindful that "the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue."  Id. at 1130-31.  Rather, an effective attorney will weed out weaker arguments, even though they may have merit.  See id. at 1131.  In order to establish prejudice, we must review the merits of the omitted claim.  See id. at 1132.  Counsel's performance will be deemed prejudicial if we find that "the neglected claim would have a reasonable probability of success on appeal."  Id. Appellate counsel is not ineffective for failing to raise a nonmeritorious claim on

8

direct appeal. Diaz v. Sec. for the Dep't of Corr., 402 F.3d 1136, 1144-45 (11th Cir. 2005).

A defendant claiming ineffective assistance of trial counsel in the context of a guilty plea must show not only that counsel committed professional error, but also a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). We have held that "counsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial." Wofford v. Wainwright, 748 F.2d 1505, 1508 (11th Cir. 1984).

Where ineffective assistance is based on trial counsel's failure to call a witness, the burden to show prejudice is heavy because "often allegations of what a witness would have testified to are largely speculative." Sullivan v. DeLoach, 459 F.3d 1097, 1109 (11th Cir. 2006) (quotation omitted).

In Florida, a trial judge is not allowed to comment on the testimony of a witness. See State v. Fullwood, 22 So.3d 655, 657 (Fla. 3d Dist. Ct. App. 2009). However, the trial judge's role in an evidentiary hearing is to make credibility

9

determinations and findings of fact.  Shere v. State, 742 So.2d 215, 218 n.8 (Fla. 1999).

As for Searcy's claims that appellate counsel unreasonably failed to argue that counsel at his evidentiary hearing should have moved to have trial counsel's phone records admitted, that the trial judge made improper comments about trial counsel's testimony, that the transcript was incomplete, or that the trial court failed to make a pronouncement of guilt at a August 2008 hearing, Searcy has not shown that the Florida court's summary denial of these appellate-ineffectiveness claims was contrary to, or an unreasonable application of, Strickland.  For starters,  it is merely Searcy's speculation that phone records existed that would have discredited trial counsel's testimony and proven that trial counsel told Searcy that the court would grant the motion to extend the furlough.  Trial counsel's testimony at the evidentiary hearing established that counsel kept timesheets that reflected when and for how long he spoke with Searcy about his case, and there was no testimony that suggested that any phone records existed that reflected the substance of these conversations.  Since it is merely speculation that phone records existed at all, it would have been frivolous for appellate counsel to raise such an issue on appeal.

Further, we do not see how the trial judge's comments about trial counsel's testimony could be improper since the judge commented on counsel's credibility at

10

the end of the evidentiary hearing when making the necessary credibility determinations and findings of fact. As for the completeness of the transcript, Searcy cites no authority and we have located no authority that establishes that it was impermissible for the State to use an incomplete transcript to refresh Searcy's memory at the evidentiary hearing. Lastly, there was no need for the trial court to make an oral pronouncement of guilt at the August 25, 2008 hearing because Searcy was adjudicated guilty at the plea hearing and that adjudication was never overturned. Therefore, it would have been frivolous for appellate counsel to raise any of these claims on appeal. Accordingly, appellate counsel was not ineffective for failing to raise the nonmeritorious claims on appeal. See Diaz, 402 F.3d at 1144-45.

Searcy has also failed to show that the Florida court's conclusion that his ineffective-assistance-of-trial counsel claims (concerning trial counsel's failure to communicate with Searcy about a proper defense and to investigate or call Federico Wilson to testify) were meritless was contrary to, or an unreasonable application of, Strickland. First, the record contradicts Searcy's claim that trial counsel was ineffective for not communicating with him about a proper defense prior to Searcy's acceptance of the plea. Among other things, Searcy has not shown prejudice as his rights at trial were fully explained to him during the change of plea hearing. Also,

11

Searcy did not show that there was a reasonable probability that he would not have pled guilty if his counsel had not made the alleged error.

Searcy has also not shown that the outcome of his case would have been different if counsel had investigated and called Wilson to testify. Indeed, there was no trial in which to call Wilson to testify since Searcy pled guilty, and moreover, Searcy makes no assertion that there was a reasonable probability that he would not have pled guilty if his counsel had investigated Wilson. Accordingly, the Florida court's denial of his ineffective-assistance-of-counsel claims was not contrary to, or an unreasonable application of, Strickland.

We similarly reject Searcy's argument that the Florida court's conclusion that his claim that the trial court erred in denying his counsel's motion to withdraw was without merit was contrary to, or an unreasonable application of, clearly established federal law. Searcy cites to no authority and we have located no authority that establishes that a court must allow an attorney to withdraw based on a pending bar complaint. Further, the record reflects that the trial court intended to grant counsel's motion to withdraw from the case at the plea hearing. However, Searcy expressly asked the state trial court if he could speak with trial counsel about the plea because he wished to resolve his case at that time. Thus, we cannot conclude that the Florida

12

courts' rejection of this claim was contrary to or an unreasonable application of federal law.

Finally, we are unpersuaded by Searcy's claim that the Florida court's rejection of his post-trial-denial-of-counsel claim was contrary to or an unreasonable application of federal law. It is true that if an appeal right is granted by statute, an indigent defendant also has a right to appointed counsel in his first appeal as of right. Douglas v. California, 372 U.S. 353, 357-58 (1963). Criminal defendants in Florida are entitled to a direct appeal as a matter of right. Fla. Const. Art. 5, § 4(b)(1); Fla. Stat. § 924.05.

However, the district court did not err in denying Searcy's petition on the basis that he was denied his right to counsel for the purposes of his direct appeal of his judgment and conviction. The record reflects that, after Searcy timely filed his pro se notice of appeal, the Florida appellate court appointed counsel to represent him on his first appeal as of right. Accordingly, the State court's denial of this claim was not contrary to, or an unreasonable application of, Douglas.

**AFFIRMED.**