PER CURIAM.
In this appeal from a final order of adjudication and commitment as a sexually violent predator under the Jimmy Ryce Act, appellant seeks reversal of the final order on several grounds. We agree the trial court erred in excluding evidence of a penile plethysmograph (PPG) test in disregard of the Third District Court of Appeal’s decision in State v. Fullwood, 22 So.3d 655 (Fla. 3d DCA 2009), which affirmed the admission of PPG evidence in a Jimmy Ryce Act proceeding after the trial *1121 court found PPG evidence was not new or novel evidence subject to analysis under Frye v. United States, 293 F. 1013 (D.C.Cir.1923). Fullwood was binding on the trial court in the absence of any contrary authority. See Pardo v. State, 596 So.2d 665, 666 (Fla.1992) (observing that “in the absence of interdistrict conflict, district court decisions bind all Florida trial courts”).
However, while this appeal was pending, Florida adopted the federal standard governing the admissibility of scientific evidence first announced by the United States Supreme Court in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), which replaced the Frye standard. Ch. 2013-107, at 1461-63, Laws of Fla. Specifically, consistent with Daubert, section 90.702, Florida Statutes (2013), was amended to provide:
If scientific, technical, or other specialized knowledge will assist the trier of fact in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify about it in the form of an opinion or otherwise, if:
(1) The testimony is based upon sufficient facts or data;
(2) The testimony is the product of reliable principles and methods; and
(3) The witness has applied the principles and methods reliably to the facts of the case.
Accordingly, we reverse and remand for a new trial after the trial court has determined the admissibility of the PPG evidence under the Daubert standard codified by section 90.702. In light of this disposition, we do not reach appellant’s remaining claims on appeal.
REVERSED and REMANDED for new trial.
LEWIS, C.J., BENTON and SWANSON, JJ„ concur.